**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \| | Case No. 1:11-20331-CR-JORDAN |
| | \| | |
| | \| | |
| V. | \| | |
| | \| | |
| HAFIZ MUHAMMAD SHER ALI KHAN, et al. | \| | |
| | \| | |
| **Defendant** | \| | |

## MOTION TO COMPEL PRODUCTION OF DISCOVERY

COMES NOW, the Defendant, Hafiz Muhammad Sher Ali Khan, who, by and through counsel, and pursuant to Fed. R. Crim. P. 16(a)(1) and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, respectfully moves this Court for an order compelling discovery by the government.

To the extent they are within the custody, control or possession of the government[1], or may, by the exercise of the government's due diligence as contemplated by Rule 16 and Brady, come within the government's custody, control or possession, Mr. Khan moves this Court to compel production of the following items:

1.   Any relevant oral statement made by Mr. Khan, before or after arrest, in response to interrogation by a person Mr. Hashmi knew was a government agent.

2.   Any relevant written or recorded statement by Mr. Khan.

3.   A copy of Mr. Khan's prior criminal record.

---

[1] For the purpose of this and all other motions made by Mr. Khan, "the government" is deemed to include all government offices and personnel, including any investigative or intelligence agency, any branch of the U.S. military, including any Special Forces and intelligence groupings, and any branch, office or section of the U.S. Department of Justice, including the U.S. Attorney's Office.

4. All photographs, books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

 (a) the item is material to preparing the defense;
 (b) the government intends to use the item in its case-in-chief at trial; or
 (c) the item was obtained from or belongs to Mr. Khan.

5. The results or reports of any physical or mental examination and of any scientific test or experiment if:

 (a) the item is within the government's possession, custody, or control;
 (b) the government knows – or through due diligence could know – that the item exists; and
 (c) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

6. A written summary (describing the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications) of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

7. Access by defense counsel to witnesses in government custody or control anywhere in the world who are or were cooperating with the government or who are not cooperating with the government but have knowledge of the specific facts and allegations at issue in this case, including "Masood Siddiqui", also known as the Informant.

8. A list of all witnesses the government intends to call at trial.

9. Any and all written records or documents, papers (including notes and transcripts), photographs or other tangible objects (including any audio or video recordings) discussing or documenting any material support and resources, as defined in 18 U.S.C. § 2339A(b), provided by the U.S. government to "Masood Siddiqui."

10. Any and all written records or documents (including diagrams and maps), papers(including notes and transcripts), photographs or other tangible objects (including any audio or video recordings) discussing or documenting any material support and resources, as defined in 18 U.S.C. § 2339A(b), provided by the U.S. government to any members or former members of the Pakistan Taliban (TTP), including any government agents who participated in or infiltrated TTP.

11. Any and all written records or documents (including diagrams and maps), papers (including notes and transcripts), photographs or other tangible objects (including any audio or video recordings) discussing or documenting steps the government has taken to infiltrate and destabilize TTP.

12. Any and all written records or documents (including diagrams and maps), papers (including notes and transcripts), photographs or other tangible objects (including any audio or video recordings) discussing or documenting any material support and resources, as defined in 18 U.S.C. § 2339A(b), provided by the U.S. government to any foreign government or organization that provided material support and resources to TTP or any individual affiliated with TTP.

13. Any and all written records or documents (including diagrams and maps), papers (including notes and transcripts), photographs or other tangible objects (including any audio or video recordings) created or used during, or in connection with, any government interrogation or interview of Mr. Khan.

14. Any and all written records or documents (including diagrams and maps), papers (including notes and transcripts), photographs or other tangible objects (including any

audio or video recordings) referencing individuals identified as participating in the conspiracy and unlawful activity delineated in the indictment.

15. Any and all written records or documents (including diagrams and maps), papers (including notes and transcripts), photographs or other tangible objects (including any audio or video recordings) discussing, documenting, or referencing the material support, "funds", referenced in the indictment.

16. Any and all written records or documents that reference or establish Mr. Khan's alleged association with TTP, including any evidence the government intends to present at trial as proof of the material support or resources Mr. Khan allegedly provided.

17. Any and all written records or documents (including diagrams and maps), papers (including notes and transcripts), photographs or other tangible objects (including any audio or video recordings) discussing, documenting, or referencing the steps the government took to arrange any interrogation or interview of Mr. Khan.

18. Any and all details relating to any identification procedures used to identify Mr. Khan on recorded calls or in person when in contact with confidential informants, including:

       (a)     a description of the type of identification;
       (b)     the place it was given
       (c)     the conditions it was given under;
       (d)     the names, addresses and birthdates of all witnesses who participated in the identification in addition to their approximate age, height, weight, race, and any other appropriate identifying features known to any law enforcement worker or agent;
       (e)     the name and position of the person(s) who conducted or supervised the out-of-court identification;
       (f)     any equipment, machinery, or any other devices used to enhance any of the senses at the time of the indictment of the person who allegedly made the identification;
       (g)     the name and other identifying characteristics of the person who made the identification of Mr. Khan;

19. All property obtained from Mr. Khan and any coconspirators or alleged co-

perpetrators, whether vouchered or not.

      (a)      for any of the property that was recovered, please provide the names and titles of the persons who recovered and inventoried the property and a copy of the voucher for the property.

      (b)      provide the date, time, and location where the property was recovered.

20. All material known to the government or which, by due diligence, could be

obtained, which is arguably exculpatory in nature, favorable to the accused, or which may

tend to support a theory of defense, including, but not limited to, the following:

      (a)      whether any witness, coconspirator and/or co-conspirator or unknown informant furnishing information to the government has received any consideration or promise of any kind for his or her information, cooperation, or testimony, and, if so, the substance of the promise or consideration, by whom made, and the time made;

      (b)      whether any witness, coconspirator, and/or co-conspirator furnishing information to the government has (or had at the time he or she supplied the information) and pending criminal cases, what those cases are or were, the jurisdiction in which such cases are or were pending, and the name(s), and title(s) of the agent(s) or police officer(s) involved in those case(s);

      (c)      if the answer to letter (b) above is in the affirmative, provide Mr. Khan with the location and docket or indictment number(s) of the case(s) and the disposition of the case(s);

      (d)      whether any government witness, has ever:
        i.  received any psychiatric treatment or been confined in a mental institution; or
       ii.  received treatment for drug abuse or been confined in a drug treatment facility, ether under a civil or criminal commitment;
     iii.  been convicted of a crime.  If the answer is yes please provide the location and indictment number of the case.
     iv.  been held, detained, or confined in a facility used to hold so-called "enemy combatants" (such as, but not limited to, Guantanamo Bay and Baghram Air Force Base, or any detention centers in Pakistan).
      v.  been held in the actual custody of the Pakistani government or any other government.

(e)     if the answer to (d), above, is in the affirmative as to any form of treatment, provide Mr. Khan with a description of any treatment received by the witness, including dates of confinement and places of treatment;

(f)     state whether any witness to the alleged crimes failed to identify Mr. Khan as the perpetrator, either at the time or place of the commission of the offense, or at any other relevant time; if that witness identified a person other than Mr. Khan, state who was identified; his or her name, address and date of birth; and provide a photograph of the person identified.

(g)     state whether any coconspirator or co-perpetrator arrested in this matter or any related matter has pled guilty to any crime, or whether any charges has been dropped or reduced.  If any such coconspirator or co-perpetrator pled guilty, please state the particulars of such a plea.

(h)     state whether the government is aware of any members or suspected members of TTP who have been questioned regarding "Masood Siddiqui" or any indicted defendants and, if so, what statements those individuals made regarding "Masood Siddiqui" or any indicted defendants.

21. The name(s), address(es), telephone number(s), birthdate(s), and rap sheets of any and all witnesses present at the time of the alleged offenses, regardless of whether or not they will be called to testify.

22. The name(s), address(es), telephone number(s), and birthdate(s) of any and all witnesses or informants for any search warrant.

23. A complete copy of any search warrant used to search any apartment, house, or dwelling connected with this case, and a complete copy of the affidavit from the informant, and/or from the agent, which provided the basis for the search warrant to be issued, and a copy of the return on the warrant filed with the court.  In addition, a complete list of all contraband, fruits of and instrumentalities of the alleged crime(s) obtained from Mr. Khan is demanded.

24. The exact dates and times that any such informant if used was allegedly in the apartment, house or dwelling in question, the names of all persons present, and exactly what the informant allegedly observed.  (Include all alleged criminal behavior which provided the basis for the search warrant to be issued).

25. The details of any cooperation agreement between the government and any informant, if one was used.

26. A complete copy of any warrant used to obtain any electronic wiretap or recording connected with this case, and a complete copy of the affidavit from the informant, and/or from the agent, which provided the basis for the warrant to be issued, and a copy of the return on the warrant filed with the court.

27. A complete copy of any search warrant used to obtain any other physical evidence, including financial records or information, connected with this case, and a complete copy of the affidavit from the informant, and/or from the agent, which provided the basis for the search warrant to be issued, and a copy of the return on the warrant filed with the court.

28. A complete copy of any FISA warrants used to obtain any electronic wiretap or recording connected with this case, and a complete copy of the FISA warrant affidavit, which provided the basis for the FISA warrant to be used, and a copy of the return on the FISA warrant filed with the court.

29. A complete copy of any document, memorandum, legal opinion, or order used to obtain, authorize, or justify any non-FISA or non-Title III electronic surveillance or recording connected with this case, and a complete copy of any documents, including

affidavits, prepared or used by the government describing the results of any non-FISA or non-Title III electronic surveillance or recording.

30. A complete list of all electronic wiretaps and recordings of Mr. Khan.

31. A complete list of all electronic wiretaps and recordings of any alleged coconspirator or co-perpetrators of Mr. Khan.

32. All recorded conversations and statements, including emails, phone calls, and other communications captured through electronic surveillance, of Mr. Khan in the government's possession, including those that the government does not intend to offer in its case-in-chief at trial or anticipated in rebuttal if Mr. Khan were to testify.

Respectfully submitted,
Wahid Vizcaino LLP


_____/s/_____
Khurrum B. Wahid
FL Bar 178764

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of August, 2011 I have electronically filed the foregoing DEFENDANT HAFIZ MUHAMMAD SHER ALI KHAN'S MOTION TO COMPEL DISCOVERY with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served electronically this day on the United States Attorneys' Office and all other parties that are to be noticed in this matter via electronic court filing.

_____/s/_____

Khurrum B. Wahid
FL BAR 178764
Wahid Vizcaino LLP
6221 W. Atlantic Blvd
Pompano Beach FL 33063
(305) 444-4303 Phone
(305) 444-4302 Fax
khurrum@wvmlawfirm.com