IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA   |            Case No. 1:11-20331-CR-JORDAN

V.   |

HAFIZ MUHAMMAD SHER   |
ALI KHAN, et al.   |

       Defendant   |

## <u>MOTION TO DISCLOSE CONFIDENTIAL INFORMANT</u>

COMES NOW Hafiz Muhammad Sher Ali Khan through undersigned counsel moving

the Government to disclose the true name and contact information for the Confidential

Informant(s) utilized in this case.  Further Defendant requests this Court to order the Government

to disclose all relevant Brady and Giglio material related to any confidential informants utilized

either within our outside the territorial United States in this matter.

## STATEMENT OF FACTS

Between at least June and September of 2010 a confidential informant working for the

United States government had been interacting with Hafiz Sher Ali Khan on an almost daily

basis.  These interactions were at least in part recorded by the informant.  The informant stated

his name was Masood Siddiqui, herein after the Informant, however it likely this name is

fabricated.  Most of the conversations between the Informant and Mr. Khan appear to have been

during trips to the doctor or other services that Mr. Khan required.  Apparently the Informant

ingratiated himself upon Mr. Khan by offering to assist the elderly Mr. Khan on transportation

and at times dealing with government agencies such as medicare.  Many of the conversations take place when no third party is present.

It is clear that the Informant on many occasions without prompting from Mr. Khan brings up Afghanistan in the context of the Russians, the United States, and the Taliban.  Much of the discussion surrounding the Taliban is unclear as to if this is the Afghani or Pakistan Taliban.  The discussion is often in the context of discussing political views in general and at times expresses frustration by both Mr. Khan and the Informant in the war raging throughout northern Pakistan and Afghanistan.  It is also unclear if the Informant went to Pakistan however there is a high likelihood that he did visit the Madrassa in Galouch, Swat Valley.  What he did in Pakistan and who he met are unanswered questions at this time however on information and belief at least one person he did meet was another indicted co-conspirator, Mr. Khan's grandson Alam Zeb.

As of this time it is unknown if "Masood Siddiqui" was the only informant utilized by the Government with reference to Mr. Hafiz Khan.

### ARGUMENT

The Defendant Mr. Khan is charged with four counts of material support of terrorism, two of which are directly supporting a Designated Foreign Terrorist Organization, the Pakistan Taliban.  An informant was used in this case to obtain statements from Mr. Khan regarding his views about the "Taliban" and to establish a chain of evidence the Government will use in its case in chief.  Generally the Government has the privilege of withholding from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law.  *Scher v. United States*, 305 U.S. 251, 254 (1938).  However, where the disclosure of an informer's identity, or of the contents of his communication, is relevant and

helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. *Rovario v. United States*, 353 U.S. 53, 60-61 (1957).

In explaining when the privilege must give way, the *Rovario* court ordered a district court to engage in a balancing test, taking into account the particular circumstances of each case, the crime charged, possible defenses, and the potential significance of the informant's testimony. *United States v. Young,* 161 Fed. Appx. 922 (2006). The Eleventh Circuit has focused on three factors in the balancing test: (1) the extent of the informant's participation in the criminal activity, (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant, and (3) the government's interest in nondisclosure. *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985). The government may establish an interest in preventing disclosure by showing that disclosure could endanger the informant or other investigations. *Id* at 1509. It is clear that the extent of the Informant's participation in the alleged criminal activity here is significant. This is not a case in which the informant acted as a "mere tipster." *United States v. Diaz*, 655 F.2d 580 (5th Cir. Unit B 1981), *cert. denied*, 455 U.S. 910, 102 S. Ct. 1257, 71 L. Ed. 2d 448 (1982) (recognizing that the *Rovario* principle does not require disclosure of a mere tipster's identity). Here the Government has provided a number of compact discs with audio recordings between Mr. Khan and the Informant. These recordings show an almost daily contact between the Informant and Mr. Khan. The Informant knows what conversations took place prior to the first recording in June of 2010. Since the first recorded discussion takes place on the way to the doctor's office clearly the Informant had taken the time to build a relationship with Mr. Khan and either deliberately avoided recording those discussions or was told not to record those discussions. Further, upon information and belief, the Informant traveled to Pakistan in the fall of 2010 and had contact with other indicted co-conspirators.

It is clear by these recorded conversations the Informant on these had extensive participation in the alleged criminal activity. The Informant is the only person who is a material witness to all of the Informant's activities. The Informant is the only witness who can provide information as to the possible defenses of entrapment or incompleteness of the recordings. Many conversations that reference the "Taliban" are initially referenced by the Informant not by Mr. Khan.

The circumstances of this instant case demonstrate the Informant may be helpful to the defense. If the government is not willing to disclose the true identity and contact information for the Informant the Court should hold a hearing. Fed. Rules of Evid. 1043(d). If the after a finding by this Court the identity of the Informant is material and the government refuses to disclose the Informant they must dismiss the action. *Roviaro* U.S. at 61. Further pursuant to its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) the government should disclose any benefits granted, future possible benefits or promises regarding the Informant (See generally separately filed Motion for Discovery).

Respectfully submitted,
Wahid Vizcaino LLP


_____/s/_____
Khurrum B. Wahid
FL Bar 178764

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of August, 2011 I have electronically filed the foregoing DEFENDANT HAFIZ MUHAMMAD SHER ALI KHAN'S MOTION TO DISCLOSE CONFIDENTIAL INFORMANT with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served electronically this day on the United States Attorneys' Office and all other parties that are to be noticed in this matter via electronic court filing.

_____/s/_____
Khurrum B. Wahid
FL BAR 178764
Wahid Vizcaino LLP
6221 W. Atlantic Blvd
Pompano Beach FL 33063
(305) 444-4303 Phone
(305) 444-4302 Fax
khurrum@wvmlawfirm.com