IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA   |         Case No. 1:11-20331-CR-JORDAN
                           |
                           |
V.                         |
                           |
HAFIZ MUHAMMAD SHER        |
ALI KHAN, et al.           |
                           |
        Defendant          |

## DEFENDANT HAFIZ MUHAMMAD SHER ALI KHAN'S MOTION FOR ORDER DECLARING CIPA UNCONSTITUTIONAL ON ITS FACE OR AS APPLIED TO DEFENDANT HAFIZ MUHAMMAD SHER ALI KHAN

## I.    CIPA IS UNCONSTITUTIONAL BOTH ON ITS FACE AND AS APPLIED IN THIS CASE.

Defendant Hafiz Muhammad Sher Ali Khan moves this court to find the

Classified Information Procedures Act unconstitutional on its face because it violates

separation of powers and interferes with the Fifth and Sixth Amendments of the United

States Constitution.  In the alternative the Act should be found unconstitutional as applied

to Mr. Khan because they violate his Fifth and Sixth Amendment rights by potentially

preventing him from testifying and precluding Mr. Khan from choosing his own counsel

whom he has retained in this matter.

Defendant recently filed a motion for discovery requesting the government to

disclose, in addition to other specific items, any Brady material in the government's

possession.  The government has orally noticed Mr. Khan that they intend to present

some evidence in his trial that is designated as classified.  The specific items of evidence

1

have not been disclosed to Mr. Khan through a formal CIPA notice but it has been made clear the government will seek the use of the Classified Information Procedures Act and protective orders thereunder in order to release particular items of discovery to Mr. Khan. It is unclear at this time if the classified information is a portion of the government's case in chief or if it is intended to disclose classified information for the defendant's purposes in order for the government to comply with its discovery obligations. It appears likely to contain all of the above information. Defendant has been furnished drafts of protective orders which defendant objects to as part and parcel of the overall objection to the use of CIPA in this case.

Mr. Khan will proceed under the broadest assumption of how classified information will be utilized in this case.

**A. CIPA IS UNCONSTITUTIONAL BECAUSE IT VIOLATES SEPARATES OF POWERS AND INTEFERES WITH A CRIMINAL DEFENDANT'S RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS.**

The Classified Information Procedures Act purports to establish a means of determining pretrial the use, relevance, and admissibility of classified information that the defense intends to use. The notice and hearing requirements of CIPA, 18 U.S.C. App. III, sections 5 and 6, impose unconstitutional burdens on the defense. The statutory command to notify the prosecution pretrial of all classified information that the defense expects to disclose under threat of preclusion if notice is not given, *id*. section 5 (b)- forces the defense to furnish the prosecution crucial details of the defense case, including:

1. The defendant's own anticipated classified testimony at trial -- a disclosure requirement found nowhere else in American law;

2. The anticipated classified testimony of all other defense witnesses

3. The contents of all classified documents that the defense intends to introduce at trial, both during the defense case-in-chief and on cross-examination during the prosecution's case.

4. The classified information that the defense expects to elicit from prosecution witnesses on cross-examination and all classified information contained in counsel questions to prosecution witnesses; and

5. All classified matter in defense counsel's opening and closing statements. Following submission of the CIPA section 5 notice, the hearing requirement of section 6 demands further disclosure of the defense case. Upon request by the prosecution, section 6 forces the defense to explain to the Court and the government., before trial, the relevance and significance to the defense of all of the classified information set forth in the CIPA section 5 notice. In practice, the CIPA notice and hearing requirements would compel the to disclose pretrial the theory of its case, the means it will use to test the government's case and virtually every detail of the supporting evidence.

These broad notice and hearing requirements, enforceable through preclusion of evidence at trial, violate Hafiz Muhammad Sher Ali Khan's basic constitutional rights, including the privilege against compelled self-incrimination, the right to testify in his own defense, the right to cross-examine adverse witnesses, and the right to due process of law.

1) CIPA is designed to allow the defense to disclose otherwise classified evidence in order to protect his rights by placing him in the same position he would be in had the information not been initially classified.

CIPA establishes procedures for determining before trial  the use , relevance, and admissibility of classified information that the defense reasonably expects to disclose. *See, e.g., United States v. Fernandez,* 913 F. .2d 148, 151 (4th Cir. 1990) (describing procedures); *United States v. North,* 910 F.2d  843,898-99 (same), *modified on other grounds,* 920 F.2d 940 (D.C. Cir. 1990).  The statute is intended to permit this determination without placing the defendant in a worse position than he would be in if the case did not involve classified information. *See,* e.g., *United States v. Lopez-Lima,* 738 F. Supp. 1404, 1407 (S.D. Fla. 1990); *United States v. North,* 698 F. Supp. 316, 320 (D.D.C. 1988).

The determination of use, relevance, and admissibility under CIPA involves four principal steps.  First, the defense must file a notice briefly describing the classified information that it reasonably expects to disclose or to cause the disclosure of at trial. 18 U.S.C. App. III section 5(a).  Classified information that the defense reasonably expects to disclose but does not list on the CIPA section 5 Notice may be precluded from use at trial. *Id.* section 5(b).

Second, at the prosecution request, the district court must hold a hearing at which the court determines before trial the use, relevance, or admissibility of classified information listed in the defendant's CIPA section 5 Notice. *Id.* 6(a). At the request of the government, the hearing must be held in secret.  Following the hearing, the district court

4

must set forth in writing the basis for its ruling as to each item of classified information at issue in the hearing. *Id.*

Third, as to any classified information for which the district court authorizes disclosure, the government may move to replace the information with a statement admitting relevant facts that the information would tend to prove, or to substitute a summary of the information. The district court shall grant the government's motion if it finds that the statement or summary would provide the defendant with substantially the same ability to make his defense as would disclosure of classified information. *Id.* section 6(c)(1).

Fourth, if the district court denies the government's motion for a statement or substitution, the court shall, upon objection by the government, prohibit the defendant from disclosing the classified information and impose sanctions on the prosecution., including  (where appropriate) dismissal of the indictment or specified counts . *Id.* section 6(e). As to any classified information that the district determines may be disclosed at trial, the court shall, unless the interests of fairness do not so require, order the United States to provide the defendant with the information it expects to use to rebut the classified information. *Id.* section 6 (f); see *North,* 910 F. 2d at 901-02.

The first and second of these four steps --the requirement that the defense provide pretrial notice of all classified information that it reasonably expects to disclose and that it explain the use, relevance, and admissibility of the classified information at a pretrial hearing--are at issue here, as well as the CIPA's proposed mandate that defense counsel for Hafiz Muhammad Sher Ali Khan obtain a security clearance and review classified information that the government intends to provide as discovery.

As set forth below, the notice and hearing requirements violate Hafiz Muhammad Sher Ali Khan' Fifth and Sixth Amendment rights as applied in this case.  Furthermore, the government cannot force defense counsel to obtain security clearance and review classified information in the face of the defense's assertion that it is ready, willing and able to try the case without reviewing such information.

II.     **SECTIONS 5 AND 6 OF CIPA VIOLATE HAFIZ MUHAMMAD SHER ALI KHAN'S FIFTH AMENDMENT PRIVILEGE AGAINST SELF-DISCRIMINATION AND HIS FIFTH AND SIXTH AMENDMENT RIGHT TO TESTIFY IN HIS OWN DEFENSE.**

At this early stage in the proceedings, it is unclear whether Hafiz Muhammad Sher Ali Khan will testify at trial. If he were to testify, however, his proposed testimony might consist of classified information in order to rebut the government's use of classified information. Based upon the indictment the bulk of the "classified" information will be Mr. Khan's own words as he speaks on the phone overseas.  Indeed the government has indicated orally that the classified information is at least in part derived from Foreign Intelligence Surveillance Act (FISA) wire taps.  It is unclear at this stage whether classified information could include acquaintances of Mr. Khan or methods of communication such as email, text, social media, or faxes.  It is a possibility that Hafiz Muhammad Sher Ali Khan knows classified information but it is unaware of the fact that it is classified.

The notice and hearing requirements set forth in sections 5 and 6 would require Hafiz Muhammad Sher Ali Khan to disclose the details of all aspects of his potential testimony that involve classified information. By compelling Hafiz Muhammad Sher Ali Khan to notify the prosecution pretrial of all classified information that he reasonably

6

expects to disclose in his potential testimony, and to explain the use, relevance and admissibility of that information to the Court and the government, section 5 and 6 violate his Fifth Amendment right not to be penalized for his pretrial silence and his Fifth and Sixth Amendment right to testify in his own defense.

**A.      Section 5 and 6 of CIPA Violate Hafiz Muhammad Sher Ali Khan's Fifth Amendment Right to Remain Silent Unless and Until He Decides to Testify.**

The notice and hearing requirements set forth in CIPA section 5 and 6 apply even to the defendant's own classified testimony.  When information stems from two sources, the government's classified information and the Defendant's own sources or recollection a protective order would potentially bring sanctions against the defendant or his counsel for disclosure even if not originally obtained from the government through CIPA.

Again, to Mr. Khan this information may not be considered classified but to the government it may fall within that category.  Section 5(a) commands Hafiz Muhammad Sher Ali Khan to give notice of classified information that he expects to disclose <u>in any manner</u> and prohibits disclosure of <u>any</u> classified information until notice has been given. (Emphasis added.) Section 5(b) authorizes the court to preclude <u>any</u> classified information, including information contained in the defendant's testimony, for which notice has not been given. (Emphasis added.)  And the pretrial hearing requirement set forth in section 6 applies to all classified information set forth in the section 5 notice, including classified information that would be contained in the defendant's own testimony. Thus, Hafiz Muhammad Sher Ali Khan risks preclusion of crucial portions of his potential testimony--including areas of testimony which may be crucial to the defense--unless he discloses to the prosecution pretrial the classified information about

which he reasonably expects to testify and explains to the Court, in the presence of the prosecution, the use, relevance, [and] admissibility of that information.

By compelling Hafiz Muhammad Sher Ali Khan to make a massive pretrial disclosure to the prosecution to keep open the option of testifying about classified matters--and by threatening to preclude that testimony if he does not make the disclosure--CIPA sections 5 and 6 violate Hafiz Muhammad Sher Ali Khan's Fifth Amendment right to remain silent without penalty unless and until he decides to testify at trial.

In *Brooks v. Tennessee,* 406 U.S. 605 (1972), the Supreme Court struck down a Tennessee statute that required the defendant to testify as the first defense witness or not at all.  The Court recognized that the statute "reflect[s] a state interest in preventing testimonial influence, but declared that [p]ressuring the defense to take the stand, by foreclosing later testimony if he refuses, is not a constitutionally permissible means of ensuring his honesty." *Id.* at 611. The Court held that the Tennessee statute "violates an accused constitutional right to remain silent insofar as it requires him to testify first for the defense or not at all. " *Id.* at 612.

*Brooks* rests upon the fundamental proposition that the Fifth Amendment guarantees the defendant's right "to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty ... for such silence." *Id.* at 609 (quoting *Malloy v. Hogan,* 373 U.S. 1,8 (1964)) (emphasis added). The Tennessee statute at issue in Brooks violated this basic rule because it "exacted[ed] a price for [the defendant] silence by keeping him off the stand entirely unless he [chose] to testify first." *Id.* at 610. Thus, the Court concluded, the statute "cut [] down on the privilege [to remain

silent] by making its assertion costly." Id at 611 (quoting *Griffin v. California,* 380 U.S. 609, 614 (1965))(brackets added by *Brooks* Court).

*Brooks* held the Tennessee statute unconstitutional because it penalized the defendant's silence at the beginning of the defense case by prohibiting him from testifying later. "[T]he Tennessee rule imposed a penalty for petitioner's initial silence, and that penalty constitutes the infringement of the [Fifth Amendment] right." *Id*. at 611 n.6 (emphasis added). CIPA sections 5 and 6 contain the identical defect: those provisions penalize the defendant for remaining silent, instead of making the pretrial disclosures that they demand, by prohibiting him from testifying at trial about classified information. *Brooks* makes clear that Hafiz Muhammad Sher Ali Khan cannot be penalized in this manner for standing on his Fifth Amendment rights and refusing to make pretrial disclosure of his own potentially classified testimony.

**B.** **Sections 5 and 6 of CIPA Violate the Defendants Fundamental Right to Testify in His Own Defense.**

The requirement that Hafiz Muhammad Sher Ali Khan disclose pretrial his own classified testimony places an impermissible burden on his "right to take the witness stand and to testify in [his] own defense," guaranteed by the Fifth and Sixth Amendments. *Rock v. Arkansas*, 483 U.S. 44, 49 (1987); see *United States ex rel. Wilcox v. Johnson*, 555 F2d 115, 118-119 (3d Cir. 1977). CIPA section 5 and 6 require Hafiz Muhammad Sher Ali Khan to pay a price - in the form of pretrial disclosure to the prosecution - solely to preserve his constitutional right to testify about relevant and admissible classified information. It is settled that the defendant cannot be compelled to pay such a price to preserve his right to testify. *See id*. at 120 (defendant's right to testify cannot be conditioned on relinquishment of his right to counsel).

The fundamental right of a criminal defendant to take the witness stand on his own behalf can be limited only by procedural and evidentiary rules designed to assure the fairness and reliability of the criminal trial. *See, e.g. Rock*, 483 U.S. at 55-56 & n.11; *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence"; *cf. United States v. Scheffer*, 523 U.S. 303, 309 (1998) (defendant's interest in presenting relevant evidence "may thus bow to accommodate other legitimate interests in the criminal trial process" (quotation omitted); *Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir. 1997) (defendant's interest in presenting evidence balanced against legitimate state interests), cert. denied, 522 U.S. 1122 (1998). But even rules directed to assuring the accuracy of the fact-finding process "may not be applied mechanistically to defeat the ends of justice." *Chambers*, 410 U.S. at 302; see *Washington v. Texas*, 388 U.S. 14, 19 (1967). Thus, in *Rock* the Court struck down per se state rule precluding a defendant's hypnotically enhanced testimony, ruling that the state was required to demonstrate in each case that the defendant's testimony was unreliable. *See Rock* at 61-62. Similarly, the Court in *Chambers* held that the trial court exclusion of key defense testimony on hearsay grounds violated the defendant's right to testify in his own defense.

CIPA contributes nothing to the fairness and reliability of the criminal trial. The statute's sole purpose is to "permit the government to ascertain the potential damage to national security of proceeding with a given prosecution before trial." S. Rep. No. 823, 96th Cong., 2d Sess. 1 (1980), reprinted in 1980 U.S. Code Cong. & Ad. News 4294, 4294; see *United States v. Wilson*, 721 F.2d 967, 975 (4th Cir. 1983); *United States v.*

*Collins*, 720 F.2d 1195, 1197 (11th Cir. 1983). In this case it is unclear what interests are being balanced by relying upon classified information or the format of the information. In the years since the tragic events of 9-11 it seems the government has abused the classification of information. Over 15 million documents were deemed "classified" by the government in 2004 at a cost of over $7 billion, over double the number of documents classified in 2001. (*Government Documents Increasingly Classified*, Jackie Northam, NPR September 8, 2005; http://www.npr.org/templates/story/story.php?storyId=4837061)

It is very likely fairness can be served by attempting to completely unclassify the material while still taking precautions. If confidential sources are being protected alternative methods have been used in numerous organized crime and gang related criminal prosecutions to protect these sources. If the items at issue are communications obtained in a secretive manner Mr. Khan has a right to examine and fully challenge any evidence that was obtained in violation of his Fifth Amendment rights. Further, it is unlikely very many government programs used to collect communications are truly still "classified" as many have become the source of litigation and therefore public record. The government has faltered over the past several years and this has resulted in inadvertent disclosure of some processes used for capturing information. See generally *In Re National Security Agency Telecommunications Records Litigation*, 700 F.Supp.2d 1182(NDCAL 2010).

The governmental interest that CIPA serves - protecting national security - cannot justify the burden that the statute imposes on the defendant's constitutional rights at trial. The government cannot force the defendant to pay a price of constitutional significance

when two asserted governmental interests - here, protecting national security and prosecuting Hafiz Muhammad Sher Ali Khan - collide. "[S]ince the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense..." *Jencks v. United States*, 353 U.S. 657, 671 (1957) (quoting *United States v. Reynolds*, 345 U.S. 1, 12 (1953)); see *United States v. Andolshek*, 142 F.2d 503, 506 (2d Cir. 1944) (L. Hand, J.) (government must disclose exculpatory confidential documents or forgo prosecution); *cf. Davis v. Alaska*, 415 U.S. 308, 320 (1974) (defendant cannot be forced to "bear the full burden" when state's interest in prosecuting collides with its interest in protecting juvenile records).

As these cases make clear, CIPA advances no interest related to the fairness and accuracy of the trial sufficient to overcome Hafiz Muhammad Sher Ali Khan' right to testify on his own behalf. Without any such justification, section 5 and 6 force Hafiz Muhammad Sher Ali Khan to surrender one right - his right to remain silent unless and until he decides to testify - solely to preserve his right to testify at trial about relevant classified matters. As the Third Circuit has declared in a related context, a criminal defendant "is entitled to all of [his rights]; he cannot be forced to barter one for another. When the exercise of one right is made contingent upon the forbearance of another, both rights are corrupted." *Johnson*, 555 F.2d at 120.

Because CIPA sections 5 and 6 force Hafiz Muhammad Sher Ali Khan to make the choice that *Johnson* forbids without advancing the fairness and accuracy of the trial, those provisions are unconstitutional to the extent they purport to require Hafiz

Muhammad Sher Ali Khan to disclose pretrial classified information that would be contained in his own testimony at trial.

### III.    SECTIONS 5 AND 6 OF CIPA VIOLATE HAFIZ MUHAMMAD SHER ALI KHAN'S RIGHT TO CROSS EXAMINE WITNESSES FOR THE PROSECUTION.

CIPA sections 5 and 6 violate Hafiz Muhammad Sher Ali Khan's Sixth Amendment right to confront the witnesses against him by forcing him notify the prosecution pretrial (and explain the significance) of all the classified information that he reasonably expects to elicit from prosecution witnesses on cross-examination and all such information that will be contained in defense counsel questions to those witnesses.

The Sixth Amendment guarantees that a criminal defendant "shall enjoy the right... to be confronted with the witnesses against him."  U.S. Const. Amend VI.  A criminal defendant's right of confrontation includes the "fundamental right" to cross-examine witnesses for the prosecution.  *Pointer v. Texas*, 380 U.S. 400, 404-405 (1965); see *Chambers*, 410 U.S. at 294-295.  Cross-examination is essential to the fairness and accuracy of a criminal trial; it is "critical for ensuring the integrity of the fact-finding process and is the principal means by which the believability of a witness and the truth of his testimony are tested."  *United States v. Begay*, 937 F.2d 515, 520 (10th Cir. 1991) (quotation omitted); see, e.g., *United States v. Esparasen*, 930 F.2d 1461, 1469 (10th Cir. 1991) ("reaching the truth is a fundamental goal of trials, and cross-examination is critical to the process.")

The Confrontation Clause guarantees not merely the formal opportunity to cross-examine, but the opportunity for <u>effective</u> cross-examination.  *See Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986);  <u>United States v. Desoto</u>, 950 F.2d 626, 629 (10th Cir.

13

1991).  Thus, courts have repeatedly reversed convictions where the defense was prohibited from cross-examining a prosecution witness about a particular subject, even though cross-examination was adequate in other respects.  *See, e.g., Davis*, 415 U.S. at 316-18 (witness prior adjudication as juvenile); *Begay*, 937 F.2d at 520-24 (alleged victim prior sexual conduct).  The Supreme Court has declared that the "denial or significant Diminution" of the right to cross examine calls into question the "integrity of the fact finding process." *Chambers*, 410 U.S. at 295 (emphasis added) (quotation omitted).

To take but one example of the constitutional inadequacies presented by the CIPA, consider section 6's purported "adequate substitutions" in place of live witness testimony.  This section of the CIPA denies a defendant his constitutional right to cross-examine the witnesses against him.  Cross-examination "cannot be had except by the direct and personal putting of questions and obtaining immediate answers." *Davis v. Alask*a, 415 U.S. 308, 316 (1974) (quoting 5 J. Wigmore, Evidence § 1395, p. 123 (3d ed. 1940)).

However, Section 6 essentially ignores the value of effective cross-examination. "The Confrontation Clause commands that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Crawford v. Washington*, 541 U.S. 36, (2004).  Even the most "adequate" substitutions of testimony or evidence do not provide the same opportunity for defense counsel as does the vigorous cross-examination of witnesses.

The so-called remedy of "adequate substitutions" denies the defendant the right to have the jury assess the credibility of the witnesses as they deliver their testimony.  See,

14

e.g., *Davis*, supra, 415 U.S. at 316 ("Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested.") The Supreme Court has explained that "[t]he right to compel a witness' presence in the courtroom could not protect the integrity of the adversary process if it did not embrace the right to have the witness' testimony heard by the trier of fact.  The right to offer testimony is thus grounded in the Sixth Amendment even though it is not expressly described in so many words . . . " *Taylor v. Illinois*, 484 U.S. 400, (1988).

In *Crawford*, the Supreme Court held that where the admissibility of testimonial evidence is at issue, "the Sixth Amendment demands . . . unavailability and a prior opportunity for cross-examination."  See Crawford at 68.  Specifically, Section 6's allowances of adequate substitutions" in place of the live testimony of witnesses <u>when the witnesses are not unavailable</u> directly conflicts with the Supreme Court's holding Crawford.

A defendant's right to confrontation may not be absolute, but courts have limited this limited right only in very narrow situations.  For instance, in *Maryland v. Craig*, 497 U.S. 836, 840 (1990), the Supreme Court considered "whether the Confrontation Clause of the Sixth Amendment categorically prohibits a child witness in a child abuse case from testifying against a defendant at trial, outside the defendant's physical presence, by one way closed circuit television."  In holding that the Maryland procedure in question did not violate the defendant's right to confrontation, the Court explained that it found it significant that the procedure " preserves all of the other elements of the confrontation right; the child witness must be competent to testify and must testify under oath; the defendant retains the full opportunity for contemporaneous cross-examination; and the

15

judge jury and defendant are able to view (albeit by video monitor) the demeanor (and body) of the witness as he or she testifies." *Id*. At 851.

Post-Crawford, there is no precedent holding that written substitutions and redacted summaries can suffice as a constitutionally adequate substitute for live testimony, nor should there be, because they are not.

## V. CONCLUSION

Mr. Khan will be restricted from effectively presenting his own defense, may have to provide advance notice of his own testimony to opposing counsel, and may be denied the attorneys of his choice if CIPA is to be utilized in this case as a method of allowing the government to limit its discovery obligations

WHEREFORE for the foregoing reasons, Hafiz Muhammad Sher Ali Khan request that this Court declare CIPA unconstitutional, either on its face or as applied in this case, or in the alternative, that the court reject the CIPA application to this case.

Dated: August 8, 2011
      Pompano Beach

                                        Respectfully submitted,
                                        Wahid Vizcaino LLP

                                    _____/s/_____
                                      Khurrum B. Wahid
                                      FL Bar 178764

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of August, 2011 I have electronically filed the foregoing DEFENDANT HAFIZ MUHAMMAD SHER ALI KHAN'S MOTION FOR ORDER DECLARING CIPA UNCONSTITUTIONAL ON ITS FACE OR AS APPLIED APPLICATION TO DEFENDANT HAFIZ MUHAMMAD SHER ALI KHAN with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served electronically this day on the United States Attorneys' Office and all other parties that are to be noticed in this matter via electronic court filing.

_____/s/_____
Khurrum B. Wahid
FL BAR 178764
Wahid Vizcaino LLP
6221 W. Atlantic Blvd
Pompano Beach FL 33063
(305) 444-4303 Phone
(305) 444-4302 Fax
khurrum@wvmlawfirm.com

17