UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 11-20331-CR-JORDAN/O'SULLIVAN

UNITED STATES OF AMERICA

vs.

IRFAN KHAN

_____/

## IRFAN KHAN'S MOTION FOR BILL OF PARTICULARS

Irfan Khan, hereby requests, pursuant to Federal Rule of Criminal Procedure 7(f), that the

Court order the government to file a Bill of Particulars.

The indictment against Irfan Khan contains three charges: (1) a conspiracy to provide

material support under 18 U.S.C. § 2339A; (2) a conspiracy to provide material support under 18

U.S.C. § 2339B; and (3) a substantive material support charge under 18 U.S.C. § 2339A.  All three

charges "reallege and reincorporate" the allegations set forth in the "general allegations" section of

the Indictment that comprises pages 1-4 and paragraphs 1-14.  Count Two, in addition, "realleges[s]

and incorporate[s]" the "purpose and object" (Indictment; Page 5 and paragraph 15); the "manner

and means" (Indictment; Page 6 and paragraphs 16a-g) ; and the overt acts (Indictment; Pages 7-10)

sections of Count One.

Mr. Khan is unable to ascertain from the face of the Indictment the particular facts

constituting the case against him.  Moreover, the Indictment fails to provide the identities of alleged

co-conspirators and the dates, times, and circumstances of certain events relevant to the

government's allegations.  Finally, the Indictment's lack of specificity obstructs Mr. Khan's ability

1

to prepare for trial; creates a substantial risk of unfair and prejudicial surprise at trial; and will not facilitate a plea of double jeopardy if a subsequent prosecution is brought against him.

Mr. Khan therefore moves the Court to order the government to provide the following information in the form of a Bill of Particulars:

A. Identify the names of the "others" with whom Irfan Khan allegedly worked to collect and deliver money.  Also identify from whom money was collected and to whom money was delivered.  (Page 4, ¶ 11 of the Indictment);

B. Identify the dates and the amounts that Irfan Khan allegedly "collect[ed] and deliver[ed]" money for the Pakistani Taliban. Also identify from whom money was collected and to whom money was delivered. (Page 4, ¶ 11 of the Indictment);

C. Identify the individual members of the conspiracy that allegedly committed the acts set forth in the manner and means section of the indictment (Page 6, ¶¶ a-g;

D. Identify the time, place, manner and amounts of money transferred or sought to be transferred as alleged in ¶16.a of the manner and means section;

E. Identify the time, place, manner and amounts of money caused or sought to be caused as alleged in ¶ 16.b of the manner and means section;

F. Identify the time, place, manner and person solicited or sought to be solicited as alleged in ¶ 16.c of the manner and means section;

G. Identify the individuals who comprised the "network" as alleged in  ¶ 16.d of the manner and means section;

H. Identify the time, place, and manner in which the efforts to finance the purchase of guns occurred as alleged in ¶ 16.e of the manner and means section;

I. Identify the time, place, and manner in which the efforts to provide shelter  to members of the Pakistani Taliban and preparation of youths to become mujahideen occurred as alleged in ¶ 16.f of the manner and means section;

J. Identify the time, place, and manner in which efforts to cover, conceal, and disguise support for the Pakistani Taliban occurred as ¶ 16.g of the manner and means section;

K. Identify the times, date, and location and describe Mr. Khan's acts that constitute providing material support and resources or attempting same (Count 3); and

L.      Identify the times, date, and location and describe Mr. Khan's acts that constitute concealing or disguising the nature, location, source, and ownership of material support and resources or attempting same (Count 3).

## MEMORANDUM OF LAW

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he Court may direct the filing of a bill of particulars."  In *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986), the Court of Appeals described the function of a bill of particulars as follows:

> The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense

(citation omitted).  A bill of particulars, therefore, "supplements an indictment by providing the defendant with information *necessary for trial preparation*."  *Id*. (emphasis added).  Indeed, one noted commentator has described a bill of particulars as "the one method open to a defendant in a criminal case to secure the details of the charge against him."  1 Wright, *Federal Practice and Procedure, Criminal 2d,* § 129.

The use of a bill of particulars to inform a defendant of just what facts, assertions and occasions he must be prepared to meet is "entirely consonant with the growing realization that disclosure, rather than suppression of relevant materials, ordinarily promotes the proper administration of criminal justice." *Dennis v. United States*, 384 U.S. 855, 970 (1966).  Thus, the fundamental and constitutionally required function that a bill of particulars serves is to inform an accused of the charges so distinctly and specifically that he is clearly advised of what has to be proved and therefore has a fair and reasonable opportunity to prepare the defense.

Because of the bare and vague allegations contained in the Indictment, the government has

failed to satisfy its obligation to inform Mr. Khan sufficiently to allow him to prepare his defense, to prevent prejudicial surprise at trial, or to facilitate a plea of double jeopardy at a subsequent proceeding. *See United States v. Haas*, 583 F.2d 216 (5th Cir. 1978).  Because clarification is needed, a bill of particulars is the appropriate method of securing this information. *Id.* at p. 221. Specifically, with respect to the allegations of conspiracy in the Indictment, a bill of particulars is the appropriate manner in which to require the government to specify with particularity the "time, place, circumstances, causes, etc., in stating the manner and means of effecting the object of the conspiracy." *Glasser v. United States*, 315 U.S. 60, 66 (1942); *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 908 (10th Cir. 1989) (quoting *Glasser*).

*United States v. Bin Laden*, 92 F. Supp.2d 225(S.D.N.Y. 2000) is instructive.  In *Bin Laden*, the embassy bombing case, the court addressed the uniquely liberal standard to be applied to motions for bills of particulars in complicated, far-reaching conspiracy cases in which voluminous discovery is expected.  The government charged the defendants with 267 distinct criminal acts, including five conspiracies and 144 overt acts - such acts allegedly taking place over the course of ten years across a vast geographical scope including eleven nations and four states. *Id.* at 235. 227-28.  The court set trial for two years after the defendants' arrests, and expected trial to last at least six months. *Id.* at 232.

Similarly, the instant case involves extremely complex allegations of conspiracy and other illegal conduct occurring on two continents, in several countries, involving numerous alleged co-conspirators (both indicted and unindicted) acting over an extended period of time.  Moreover, the case involves a wide and diverse range of predicate acts, and will require an enormous discovery and investigative effort.  Accordingly, many of the factors that the *Bin Laden* court considered in

ordering the filing of a bill of particulars in that case warrant the granting of Mr. Khan's instant motion. Therefore, Mr. Khan respectfully requests the Court to consider the following factors in consideration of his present motion.

### A.      Voluminous Discovery

The amount of discovery that the government is in the process of providing to the defense is mountainous.  A bill of particulars is necessary to enable the defense to accurately and efficiently review the materials as they are made available by the government.  Only such a narrowing of the facts and issues will allow Mr. Khan to adequately prepare a defense and avoid prejudicial surprise at trial.

Courts have made clear that voluminous discovery argues in favor of granting a bill of particulars.  *See, e.g., United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (in fraud case, government did not fulfill its obligations regarding particularity "merely by providing mountains of documents [over 4,000 ] to defense counsel who were left unguided as to which documents would be proven falsified"); *Bin Laden*, 92 F. Supp.2d at 234, 236 (granting motion for bill of particulars partly "in light of the voluminous amount of material" produced by the government, and stating that "sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars").[1]

---

[1] *See also United States v. Santiago*, 174 F. Supp.2d 16, 37 (S.D.N.Y. 2001) (recognizing voluminous discovery as factor warranting bill of particulars); *Bin Laden*, 92 F. Supp.2d at 234, 236 (granting motion for bill of particulars partly "in light of the voluminous amount of material" produced by the government, and stating that "sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars"); *United States v. Vasquez-Ruiz*, 136 F. Supp.2d 941, 943 (N.D. Ill. 2001) ("The defense should not be left to its own devices and a sifting of the voluminous materials that have been provided in order to divine the particulars of these critical allegations, which have not yet been disclosed."); *United States v. Lino*, 2001 WL 8356, at *7 (S.D.N.Y. 2001) (granting particular request for bill of particulars due in part to "voluminous audiotapes"); *United States v. Nachamie*, 91 F. Supp.2d 565, 571 (S.D.N.Y. 2000) (ordering filing of bill of particulars based in part upon voluminous discovery, including "over 200,000 pieces of paper in hundreds of boxes and files, relating to 2,000 Medicare claims").

Based upon the nature of the charges, and the investigation that must be conducted to provide Mr. Khan with effective representation, a bill of particulars is necessary. As the Second Circuit recognized in *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988), a RICO case, the principles relevant to consideration of motion for bill of particulars "must be applied with some care when the Government charges criminal offenses under [broad] statutes . . . . Such is the case because "[w]ith the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering activity' comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope." *Id.*

Mr. Khan confronts tremendous obstacles in this case.  As of this date, the government has identified as discoverable and relevant more than 1,200  taped "pertinent" conversations. There is an unknown number of "non-pertinent" conversations.  These taped conversations are in Pashto primarily, which makes them particularly burdensome to review.  From these intercepted conversations, the government will produced over a voluminous number of  transcripts.  This information will be produced under the Classified Information Procedures Act which makes review exponentially more burdensome and time-consuming. An order requiring the government to file a bill of particulars is the appropriate method for the Court to ensure, in light of the volume and nature of discovery related to this complex case, that Mr. Khan is able to adequately prepare his defense and avoid prejudicial surprise at trial.

### B.    Complexity of the Offense

In addition, the complexity of the facts and charges brought against Mr. Khan in this Indictment counsel strongly in favor of the Court ordering the government to file a bill of particulars.

The nature of the allegations involve novel questions of both fact and law.  Indictments that contain "terrorism-related" allegations are particularly complex and therefore require a more liberal application of Rule 7(f). *See Davidoff*,  845 F.2d at 1154.  Moreover, any indictment that charges multiple conspiracies or a large number of schemes particularly calls for the filing of a bill of particulars. *See, e.g.*, *Santiago*, 174 F. Supp.2d at 34 (recognizing complexity of the indictment as factor warranting bill of particulars); *Vasquez-Ruiz*, 136 F. Supp.2d at 942-43 (ordering bill of particulars in part because charges were "complex"); *Bin Laden*, 92 F. Supp.2d at 229 (same); *Trie*, 21 F. Supp.2d at 21 (bill necessary where portions of indictment "difficult to follow").

This Indictment's complexity particularly burdens Mr. Khan's ability to adequately prepare a defense and prevent prejudicial surprise at trial because many of the overt acts alleged against him are seemingly innocent in nature.  Mr. Khan is thus not on notice as to how these potentially innocent acts supposedly furthered the alleged conspiracy, if at all, without the benefit of having the government answer the questions posed by this motion.

### C.    Broad Geographical Scope and Wide-Ranging Predicate Acts of the Alleged Conspiracy

The broad geographical scope and wide-ranging predicate acts of the conspiracies alleged in the Indictment require the filing of a bill of particulars in order to afford Mr. Khan the ability to adequately assess the facts and law pertinent to the preparation of his defense, and to prevent unfair, prejudicial surprise at trial.  The Indictment in this case alleges (1) a conspiracy which allegedly covers two continents and several nations, and (2) an incredibly wide range of overt or predicate acts, ranging from seemingly innocent telephone conversations to alleged plots to murder, kidnap and maim persons abroad.  Both factors argue in favor of the Court granting the instant motion. *See, e.g.*,

*Lino*, 2001 WL 8356, at *12-13 (noting wide-ranging nature of predicate acts); *Santiago*, 174 F.

Supp.2d at 36 (noting "wide-ranging nature of the overt acts" and "geographical scope" of the

conspiracy as factors); *Bin Laden*, 92 F. Supp.2d at 235 (noting geographical scope of Indictment

and the breadth and diversity of alleged criminal behavior).

### D.      Extended Length of Alleged Conspiratorial Conduct

The lengthy period of time during which the government alleges that Mr. Khan and others

conspired to commit the various crimes listed in the Indictment warrants the Court ordering the

government to file a bill of particulars.  The alleged conspiracies at issue in this case, according to

the Indictment, lasted more than three years.  Courts have ordered the filing  of a bill of particulars

based, in part, upon the length of the alleged conspiracy in cases involving similar, or even much

shorter, periods of time. *See, e.g.*, *Trie*, 21 F. Supp.2d at 22 (three and a half years); *see

also Santiago*, 174 F. Supp.2d at 37 (recognizing length of conspiracy as factor).

### E.      Numerous Unnamed and Unindicted Co-conspirators

The large number of unnamed and unindicted co-conspirators listed in the Indictment

counsels the Court to order the government to identify by name each such person.  Unless the Court

orders the government to identify these individuals, Mr. Khan  will be unable to adequately prepare

for trial or prevent prejudicial surprise at trial.

A bill of particulars is the proper procedure for discovering the names of unindicted co-

conspirators. *See United States v. Anderson*, 799 F.2d 1438, 1439 (11th Cir. 1986) (bill ordered with

respect to "unnamed and unindicted participants"); *United States v. Fernandez*, 780 F.2d 1573, 1575

(11th Cir. 1986) (bill ordered with respect to "the names of the unindicted co-conspirators known

to the Government"); *United States v. Williams*, 113 F.R.D. 177, 178 (M.D. Fla. 1986) (ordering

government to file bill of particulars listing "the names of all unindicted co-conspirators"). This is especially true where the government intends to call unindicted co-conspirators as witnesses. *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) (citing *Will v. United States*, 389 U.S. 90, 99 (1967)). Courts in other circuits have also granted defendants' motions for bills of particulars naming unindicted co-conspirators. *See, e.g.*, *Santiago*, 174 F. Supp.2d at 37; *Bin Laden*, 92 F. Supp.2d at 241; *Nachamie*, 91 F. Supp.2d at 572-73; *Mariani*, 90 F. Supp.2d at 591-92; *Trie*, 21 F. Supp.2d at 22.

Particularly vague portions of this Indictment are those in which the government refers to co-conspirators and other individuals (as well as events) in general terms, again without identifying them. *See, e.g.*, Indictment, Count 1, page 5 (defendants "and others, known and unknown"), ¶ 16a-g ("members of the conspiracy"), and Count 2, page 10 ("together with others, known and unknown"). Mr. Khan is particularly entitled to a bill of particulars with respect to these vague paragraphs. *See, e.g.*, *Davidoff*, 845 F.2d at 1153 (granting new trial to defendants in part due to trial court's denial of defendants' motion for bill of particulars asking government to "state with particularity the unspecified violations indicted [in the RICO conspiracy count] by the phrase 'but were not limited to'"); *Williams*, 113 F.R.D. at 178 (granting defendant's motion for bill of particulars as to identity of co-conspirators described in Indictment as "other persons known and unknown to the grand jury").

### F.    Material Support Allegations

The Indictment in this case does not provide sufficient notice to Mr. Khan of the conspiracy and conduct for which he is alleged to be criminally liable under 18 U.S.C. §§ 2339A & B. In particular, all three counts fail to fully specify the types of "material support or resources" that the

defendants allegedly provided. To be sure, all three counts allege that the material support and resources provided "includ[e] but [are] not limited to currency, monetary instruments and financial services." Indictment at pp. 5 and 11. But, there are seventeen types of material support or resources defined in Section 2339A & B.[2] The failure to fully specify any other types of material support or resources alleged in this case impairs Mr. Khan's ability to prepare his defense.

The factual allegations in this case do not cure this problem, because they fail to particularize the charges. On the contrary, the alleged "means and methods" and "overt acts" include allegations that do not constitute material support or resources, as defined in Section 2339A & B. The indictment also contains vague assertions in the alleged means and methods and overt acts of the conspiracy, providing insufficient notice to Mr. Khan of whether a crime is even alleged. Mr. Khan cannot adequately prepare for trial or pretrial motions based on vague assertions of alleged conduct.

Finally, the Indictment's lack of specificity seriously impairs Mr. Khan's ability to enter a plea of double jeopardy at a subsequent prosecution. Based upon this bare Indictment, the government could theoretically bring a subsequent material support case covering the same time-period and assert that the subsequent case alleges different acts constituting material support. To avoid this issue, the government should be required to notify the defense which acts of material support comprise the basis for the instant charges.

---

[2] Material support or resources are currently defined as:

> currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, transportation, and other physical assets, except medicine or religious materials.

18 U.S.C. § 2339A(b); *see* 18 U.S.C. § 2339B(g)(4).

WHEREFORE Irfan Khan respectfully requests that the Court order the government to file a Bill of Particulars with regard to the information requested above.

The undersigned counsel has conferred with opposing counsel in a good faith effort to resolve the issues raised in this motion.

Respectfully Submitted,

MICHAEL CARUSO
INTERIM  FEDERAL PUBLIC DEFENDER

BY:     s/ Sowmya Bharathi
        Assistant Federal Public Defender
        Special A No.: A5500997
        150 West Flagler Street, Suite 1700
        Miami, Florida 33130-1556
        Tel:   305-530-7000/Fax:  305-536-4559
        sowmya_bharathi@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 8, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ *Sowmya Bharathi*

SERVICE LIST
UNITED STATES v. IRFAN KHAN et al.
CASE NO.: 11-20331-CR-JORDAN/O'SULLIVAN
**United States District Court, Southern District of Florida**

Sowmya Bharathi
sowmya_bharathi@fd.org
Federal Public Defender
150 W. Flagler St., Suite 1700
Miami, FL 33130-1556
Telephone:(305) 530-7000
Facsimile: (305) 536-4559
Attorney for Defendant
Service Via CM/ECF

John Charlton Shipley, Jr.
john.shipley@usdoj.gov
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
Telephone: (305) 961-9111
Facsimile: (305) 536-4675
Attorney for the Government
Service Via CM/ECF

Sivashree Sundaram
sivashree.sundaram2@usdoj.gov
U.S. Attorney's Office
99 N.E. 4th Street
Miami, Florida 33132
Telephone: (305) 961-9430
Facsimile: (305) 536-4676
Attorney for the Government
Service Via CM/ECF

Khurrum B. Wahid, Esq.
khurrum@wvmlawfirm.com
Wahid Vizcaino LLP
6221 W. Atlantic Blvd.
Pompano Beach, FL 33063
Telephone: (305) 444-4303
Facsimile: (305) 444-4302
Attorney for Hafiz M. Sher Ali Kahn
Service Via CM/ECF

Joseph Steven Rosenbaum, Esq.
jsr.@rosenbaum-lunalaw.com
Grove Forest Plaza
2937 S.W. 27th Avenue, Ste. 101
Miami, FL 33133
Telephone: (305) 446-6099
Facsimile: (305) 446-6150
Attorney for Izhar Khan
Service Via CM/ECF