**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**


| | |
|---|---|
| **UNITED STATES OF AMERICA** &#124; | **Case No. 1:11-20331-CR-JORDAN** |
| &#124; | |
| &#124; | |
| **V.** &#124; | |
| &#124; | |
| **HAFIZ MUHAMMAD SHER** &#124; | |
| **ALI KHAN, et al.** &#124; | |
| &#124; | |
| **Defendant** &#124; | |


## DEFENDANT HAFIZ MUHAMMAD SHER ALI KHAN'S RESPONSE TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

**I.     THE GOVERNMENT HAS FAILED TO SHOW GOOD CAUSE FOR THE APPLICATION OF A PROTECTIVE ORDER UNDER RULE 16(d) AS TO THE "SENSITIVE" DISCOVERY.**


Pursuant to Federal Rule of Criminal Procedure 16(d) the government may request a protective order for certain items of discovery if good cause is shown.  The government's stated causes are the negative impact release of such FISA recorded conversations may have on "ongoing investigations to which those recordings pertain" and "national security".

No good cause has been evidenced in the government's motion for protective order as to why the disclosure of the declassified FISA materials should not be treated as all other declassified discovery.  Based upon a reading of the evidence outlined in the indictment, the FISA materials are primarily conversations between Mr. Khan and his family in Pakistan. Mr. Khan's daughter and grandson in Pakistan have already been indicted in this present case as well as a third party who is not a relative.  It is unclear how this evidence, if used in the normal course of preparation and litigation of a criminal matter, will impact "ongoing investigations".

1

The government also cites potential national security concerns.  '[G]ood cause' includes the protection of information vital to the national security." *United States v. Aref*, 533 F.3d 72, 78 (2d Cir.2008).  With national security concerns a balancing test between the Defendant presenting evidence in order to have a fair trial will face off against the State privilege for national security.  *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). *United States v. Stewart*, 590 F.3d at 131(2d Cir. 2003).  In this case the government has made clear these are telephonic and other communications intercepted via a FISA warrant.  It has been stated the FISA warrant has Mr. Khan and his family as the primary subjects of the recordings. This information is clearly discoverable and the concerns over Mr. Khan being able to mount an effective defense, as raised below, heavily outweigh any purported national security interest in the content of the FISA recordings.

**II.     THE PROPOSED PROTECTIVE ORDER VIOLATES MR. KHAN'S FIFTH AND SIXTH AMENDMENT RIGHTS UNDER THE U.S. CONSTITUTION BECAUSE IT LIMITS HIS ABILITY TO MOUNT A VIGOROUS DEFENSE.**

The order itself is objectionable in numerous aspects. The Court may exercise its discretion in agreeing to any protective orders even in matters relating to national security. *United States v. Stewart*, 590 F.3d at 131; *United States v. Aref*, 533 F.3d 72, 80 (2d Cir.2008).

First, the government's definition of "dissemination" is overly narrow.  For example it does not allow the "sensitive" material to be utilized in investigations to determine veracity. Defense would be prevented from checking the information with potential witnesses who may have information about the veracity of that "sensitive" material.  Dissemination of "sensitive" material to potential expert witnesses will have the effect of placing an undue burden on those potential experts which may prevent them from agreeing to work on this matter.  While the proposed protective order states any applications to disclose "sensitive" material to an expert are

under seal, the order also states the Court may confer with the government upon any applications. Paragraph four of the proposed protective order eviscerates the work product doctrine and chills the normal zealous preparation of all possible avenues of defense in violation of Mr. Khan's Sixth Amendment right.

Finally counsel will not be able to quote "sensitive" material verbatim in pleadings but will be allowed to paraphrase. This restriction will be subject to interpretation by the government. How many words must be changed to avoid running afoul of paragraph 9. This paragraph seems to have no clear logic and no good cause has been shown for its inclusion. Items found in "sensitive" materials may also be dual source information. Mr. Khan may have this information in his custody already. If he chooses to use information already in his possession that may also be in the sensitive material he may violate this proposed protective order.

## II. CONCLUSION

Mr. Khan should not be subject to a protective order on non-CIPA material. The Court can use its discretion and in furtherance of the defendant obtaining a fair trial either strike completely or extensively modify the proposed protective order.

Dated: August 10, 2011
Pompano Beach

Respectfully submitted,
Wahid Vizcaino LLP


_____/s/_____
Khurrum B. Wahid
FL Bar 178764

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of August, 2011 I have electronically filed the foregoing DEFENDANT HAFIZ MUHAMMAD SHER ALI KHAN'S RESPONSE TO GOVERNMENT'S MOTION FOR PROTECTIVE with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served electronically this day on the United States Attorneys' Office and all other parties that are to be noticed in this matter via electronic court filing.

_____/s/_____
Khurrum B. Wahid
FL BAR 178764
Wahid Vizcaino LLP
6221 W. Atlantic Blvd
Pompano Beach FL 33063
(305) 444-4303 Phone
(305) 444-4302 Fax
khurrum@wvmlawfirm.com