**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA |                 **Case No. 1:11-20331-CR-JORDAN**
                      |

                      |

V.                    |

                      |

HAFIZ MUHAMMAD SHER    |
ALI KHAN, et al.          |

                      |

        **Defendant**      |

## DEFENDANT HAFIZ MUHAMMAD SHER ALI KHAN'S RESPONSE TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER ON CIPA MATERIALS

**I.**     **CIPA DOES NOT ALLOW THE GOVERNMENT A PRIVILEGE TO PREVENT A FAIR TRIAL FOR THE DEFENDANT.  THE COURT MUST BALANCE THE INTERESTS OF BOTH THE DEFENDANT'S RIGHT TO A FAIR TRIAL AND THE GOVERNMENT'S INTEREST IN NATIONAL SECURITY AS TO THOSE CLASSIFIED ITEMS.**

If the Court finds CIPA to be lawfully applied in this case Mr. Khan and his counsel are subject to a protective order.  Classified Information Procedures Act, Title 18, U.S.C. Appendix III, Section 3. The government's proposed protective order in this case prevents Mr. Khan from a fair trial, from freely testifying at trial without being subject to government dictates, and from preparing his case without divulging potential witnesses to the government.  The Court may exercise its discretion in agreeing to any protective orders.  *United States v. Stewart*, 590 F.3d at 131; *United States v. Aref*, 533 F.3d 72, 80 (2d Cir.2008).  CIPA is to designed to "to protect[ ] and restrict[ ] the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. Aref*, 533 F.3d at 78.  To be clear, CIPA does not confer on the government a privilege to refrain from disclosing classified information; it merely presupposes one. *See Id.* The privilege it presupposes has its origins in the common-law

1

privilege against disclosure of state secrets, see [*United States v. Stewart*, 590 F.3d at 131.; *United States v. Aref*, 533 F.3d at 78, which "allows the government to withhold information from discovery when disclosure would be inimical to national security," *Zuckerbraun v. Gen. Dynamics Corp.*, 935 F.2d 544, 546 (2d Cir.1991). *United States v. Abu Jihaad*, 630 F.3d 102 (2d Cir. 2010). The balancing test between the Defendant presenting evidence in order to have a fair trial verses the State privilege for national security is found in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), asking first, "whether the material in dispute is discoverable, and if so, whether the state-secrets privilege applies"; and second, if the privilege applies, "whether the information is helpful or material to the defense, i.e., useful to counter the government's case or to bolster a defense," *United States v. Stewart*, 590 F.3d at 131(2d Cir.2003). This Court has the discretion to modify the proposed protective order in order to allow the defendant a fair trial.

**II**.     **THE PROTECTIVE ORDER PROPOSED DOES NOT PROTECT THE DEFENDANT NOR HIS COUNSEL AND UNREASONABLY RESTRICTS DEFENSE ABILITY TO PRESENT A VIGOROUS DEFENSE CASE**

The proposed protective order in this case does not balance the interests of the Defendant and prevents him from a fair trial.  The government has an interest in preventing the methods and means of gathering intelligence from being placed into the hands of the Defendant but does not have any legitimate interest in preventing him or his counsel from unfettered use of the contents of communications as they likely contain his own words or those of other alleged co-conspirators.

A.  <u>Order is so broad as to encompass evidence that has Mr. Khan's own speech as its original source yet still prevents Mr. Khan from using such evidence without permission from the United States government.</u>

Many sections of the proposed order are written so broadly as to potentially encompass Mr. Khan's own words either telephonically or in written form.  Definition paragraphs of the proposed order can also be seen as encompassing either Mr. Khan's own words via telephone or documents that were once in Mr. Khan's possession but have now been obtained by the government.  Paragraph 4(B) of the proposed protective order (attached exhibit 1) defines what is "classified information".  It includes documents that were "once in the possession of a private party, which has been derived from a United States Government classified document, information, or material, regardless of whether such document, information, or material has itself subsequently been classified by the Government pursuant to Executive Order 12958 or its predecessor orders as "CONFIDENTIAL" or "SECRET;".  Additionally, paragraph 4(E) states "any information, regardless of place or origin and including, foreign government information as that terms is defined in Executive Order 12958, that could reasonably be believed to contain classified information or that refers or relates to national security or intelligence matters."  Both of these paragraphs are problematic in that they do explicitly take into account possible duel source material.  If a motion is filed not using CIPA that includes reference to materials or information obtained through Mr. Khan or other non-classified sources but is also duplicated in the classified material, it will be seen as a violation of the proposed Protective Order.  Because it is now deemed "classified" by the government Mr. Khan is limited in how he may use such information in pleadings or if Mr. Khan's counsel can even discuss the material with him.

B.  <u>The protective order requires Mr. Khan to disclose preparation of his defense to the government and yet prevents Mr. Khan himself from participating in his own defense as he is not allowed to review the classified materials.</u>

Paragraph 12 prevents the use of expert witnesses without first notifying the U.S. Attorney's office.  It reads in relevant part "Any additional person whose assistance the Defense

reasonably requires may have access to classified information in this case only after obtaining from the Court—with at least three weeks prior notice to the Government – an approval for access to the appropriate level of classification on a need-to-know basis, and after satisfying the other requirements described in this Order for access to classified information." This chills the ability of defense counsel to adequately prepare its case and violates Mr. Khan's Fifth and Sixth Amendment rights under the United States Constitution. For example, in order for an expert witness to be properly prepared to render an opinion, she/he may likely need to review communications and other documents in this case. This paragraph requires the disclosure of such witnesses to opposing counsel even if such witnesses are not ultimately used at trial, thus circumventing the notice requirements for proper disclosure of a witness who will be advanced subject to F.R.E 703.

"Defense shall discuss classified information only within the Secure Area or in another area authorized by the Court Security Officer…" according to paragraph 18(E). Here the classified information is not merely the means and methods of obtaining information but the actual substance of the over 1200 communications the Government has orally indicated they have in their possession. This means any discussions regarding the content of those communications, which are mostly the statements of Mr. Khan or his family, can be only be conducted in the Secure Area. This places an enormous burden of the defense without any real governmental interest. Additionally, the current proposed order states if preparation of the case requires discussing the content of the information with witnesses, not the means or methods by which the information was captured, the Government is to be first notified of the existence and identity of those potential defense witnesses. Further, it would seem the government has the

4

ability to object to the discussion of information with potential witnesses, thus preventing the preparation of an effective defense in violation of Mr. Khan's Sixth Amendment rights. U.S.C.A.

While the Government has indicated that a separate protective order will be produced for the purposes of the Defendant being able to access the "classified information" counsel has not seen such an order as yet.  Under the current protective order the Defendant and his counsel cannot discuss any "classified information" which essentially leaves the Defendant unable to participate in his own defense, again in violation of his Fifth and Sixth Amendment rights under the United States Constitution.

## III.    CONCLUSION

Mr. Khan has moved to find CIPA unconstitutional on its face and as applied.  If CIPA is allowed to be utilized the proposed protective orders submitted by the government create unreasonable restrictions on Mr. Khan or his counsel in preparing this case as information derived from non-classified sources can be deemed to subject to the government's protective order.  This Court has the discretion to modify the orders to allow for the effective preparation of Mr. Khan's defense.

Dated: August 9, 2011
      Pompano Beach

                                        Respectfully submitted,
                                        Wahid Vizcaino LLP

                                 _____/s/_____
                                        Khurrum B. Wahid
                                        FL Bar 178764

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August, 2011 I have electronically filed the foregoing DEFENDANT HAFIZ MUHAMMAD SHER ALI KHAN'S RESPONSE TO GOVERNMENT'S MOTION FOR PROTECTIVE ON CIPA MATERIALS with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served electronically this day on the United States Attorneys' Office and all other parties that are to be noticed in this matter via electronic court filing.

_____/s/_____
Khurrum B. Wahid
FL BAR 178764
Wahid Vizcaino LLP
6221 W. Atlantic Blvd
Pompano Beach FL 33063
(305) 444-4303 Phone
(305) 444-4302 Fax
khurrum@wvmlawfirm.com