UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 11-20331-CR-JORDAN/O'SULLIVAN

UNITED STATES OF AMERICA

vs.

IRFAN KHAN

_____/

**IRFAN KHAN'S RESPONSE TO GOVERNMENT'S MOTION FOR
PROTECTIVE ORDER FOR SENSITIVE DISCOVERY MATERIALS**

Irfan Khan hereby files this Response to the Government's Motion for Protective Order for

Sensitive Discovery Materials (DE:88).  Mr. Khan opposes the government's proposed order, in

whole and in part, for a variety of reasons and sets forth these objections below.

Apparently, the bulk of discovery in this case will be comprised of FISA intercepts.  Some

of the FISA intercepts are currently classified, others have been declassified. The government's

proposed protective order for "sensitive" discovery materials only concerns the declassified FISA

intercepts and materials.   This is information and material that the government is required to

disclose under Federal Rule of Criminal Procedure 16.

To be sure, Federal Rule of Criminal Procedure 16(d) provides that on a sufficient showing,

district courts may "at any time" and for "good cause" order that discovery or inspection be restricted

through a protective order.  In determining whether such restriction is appropriate, district courts may

consider "the protection of information vital to the national security."  Fed.R.Crim.P. 16, Advisory

Committee Notes to 1966 Amendment.  According to the government, there are approximately 1,200

declassified FISA intercepts that are pertinent.  In addition to the "pertinent" declassified  FISA

1

intercepts, there are an undisclosed number of additional declassified FISA intercepts.  Under the government's proposed order, all of these intercepts — pertinent and non-pertinent  —  would be deemed "sensitive" discovery material.  Presumably, a number of these declassified FISA intercepts are not "vital" to our national security.  Therefore, the government is seeking a "blanket" order protecting all declassified FISA intercepts whether each individual intercept is "vital" to national security or not.

But, courts may issue protective orders only "for good cause" under Rule 16.  "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation and internal quotation marks omitted). When a party seeks a protective order, as the government does here,  "the burden of justifying the [national security concerns] of each and every document sought to be covered by a protective order remains on the party seeking the protective order." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3d Cir.1986).

Furthermore, "courts should take care to ensure that the protection afforded to such information is no broader than is necessary to accomplish the national security goals. In this regard, courts should be sensitive to less restrictive alternatives available to achieve this goal. And, in determining whether to accord protection to certain materials, and the extent of such protection, courts should weigh the impact this might have on a defendant's due process right to prepare and present a full defense at trial." *United States v. Lindh* 198 F.Supp.2d 739, 741-42 (E.D. Va. 2002). Here, the government has not made the required showing to obtain a protective order for all

2

declassified FISA intercepts.  The Court should deny the government's motion for protective order and order that discovery be provided to the defense immediately.

If the Court is persuaded  to enter a protective order, Mr. Khan objects to the government's proposed order as unduly interfering with his right and ability to prepare a defense.  "[T]he Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683 (1986).  Several of the provisions included in the government's proposed order infringe upon this constitutional guarantee and are inconsistent with Rule 16.

Specifically, the following provisions render the proposed protective order overbroad and vague:

1.     The definition of "dissemination" (¶ 4, Page 2 n.1);

2.     The notice requirements concerning defense experts (¶ 4, Page 3);

3.     The prohibition against disseminating discovery materials to witnesses and potential witnesses (¶ 4, Page 3);

4.     The ability of the Court to notice the government with regard to any disclosure applications made by the defense (¶ 4, Page 3); and

5.     The prohibition against quoting, summarizing, or attaching "sensitive" discovery to public pleadings (¶ 9, Page 4).

The baseline for the government's  proposed protective order is that all sensitive discovery material "shall not further disseminated" by the defense to those outside the defense team.  According to the government's proposed order, dissemination means "providing, showing, or describing" the material.  The defense team includes experts. Notwithstanding, the defense must notify the Court, *ex parte*,  prior to any dissemination to experts.  For witnesses or potential

witnesses, the defense is expressly prohibited from disseminating the material at issue.  The defense may upon application to the Court, seek the Court's permission to disseminate to witnesses or potential witnesses prior to any dissemination.  The Court, in turn, may notify and consult the government (after affording the defense the opportunity to withdraw the application)  prior to rendering a decision on the application.

The extent of the government's attempt to inhibit the defense from providing or discussing "sensitive" discovery material to those inside and outside the defense team is unprecedented.  In *United States v. Hassoun*, 04-60001-CR-COOKE, for example,  a case cited by the government, the prosecution sought and obtained a protective order. The protective order obtained by the government did not require the defense to notice the Court before disseminating sensitive discovery to experts. *Hassoun*, (DE:122 at p.2).  Furthermore, the *Hassoun* order authorized defense counsel to "show, provide, and discuss the content of 'sensitive discovery materials' with witnesses or potential witnesses (including indicted or unindicted co-conspirators or their counsel)" if necessary for defense of the case. *Id.*  The defense did not have to apply to the Court for permission  but only  had to provide a copy of the protective order with the discovery materials.  *Id.*  A side-by-side comparison of the *Hassoun* order and the proposed order demonstrates the government's overreach in this case.[1]

The provisions in the proposed order obviously cut in favor of the government and against the defense.  The suggested procedures are needlessly time-consuming for the defense and

---

[1]  Another issue with the government's proposed protective order is that what's sauce for the goose is not for the gander.  Under the proposed protective order, the government does not have to notify or seek approval of the Court to disseminate "sensitive" discovery to an expert or non-government witness.  Because this proposed protective order regulates Rule 16 discovery obligations and fails to provide an even-playing field, entry of the order would violate Mr. Khan's right to due process. *See Wardius v. Oregon*, 412 U.S. 470, 474 (1973) (holding that the Due Process Clause speaks to the balance of forces between the accused and his accuser).

meaningfully impair Mr. Khan's ability to investigate and present a defense. Requiring Mr. Khan to notice or obtain the Court's approval before his defense may disclose relevant materials in preparation for his trial and essentially mandating that he keep the Court and perhaps the government on perpetual notice of his trial preparation-related activities is unnecessary and unwarranted.

As for substantive uses of declassified FISA intercepts, the proposed order is vague. Under the government's proposed order, pleadings cannot quote, summarize or include sensitive discovery material.  (DE:88 at p.4)   Instead, these pleadings must be filed under seal.   A party may "paraphrase" the material in a public pleading but the line that separates paraphrasing and summarizing is unclear.  *Id.*  The Court should not enter such a vague order.

Finally, Mr. Khan believes that the protective order should be modified to exempt similar information obtained through independent means.  "[A] protective order prevents a party from disseminating only that information obtained through the use of the discovery process. Thus, the party may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the Court's processes." *Seattle Times Company v. Rhinehart*, 467 U.S. 20, 33-34 (1984). The government's proposed protective order does not exempt information obtained through independent sources. For example, the "sensitive" discovery the government seeks to protect comprises telephone conversations that purportedly involve Irfan Khan.   Independent of discovery, Irfan may have a recollection of a particular telephone conversation.  His defense team should be permitted to describe and discuss the subject matter of the conversation with experts or witnesses without the restrictions set forth in the proposed protective order.

Wherefore, Irfan Khan respectfully requests that this Court deny the government's motion.

In the alternative, Mr. Khan respectfully requests that the proposed order be modified as suggested above.

Respectfully Submitted,

MICHAEL CARUSO
INTERIM  FEDERAL PUBLIC DEFENDER

BY:     s/ Michael Caruso
Florida Bar No. 0051993
Sowmya Bharathi
Assistant Federal Public Defender
Special A No.: A5500997
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel:  305-530-7000/Fax:  305-536-4559
michael_caruso@fd.org
sowmya_bharathi@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on August 11, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ *Michael Caruso*_____

SERVICE LIST
UNITED STATES v. IRFAN KHAN et al.
CASE NO.: 11-20331-CR-JORDAN/O'SULLIVAN
**United States District Court Southern District of Florida**

Sowmya Bharathi
sowmya_bharathi@fd.org
Federal Public Defender
150 W. Flagler St., Suite 1700
Miami, FL 33130-1556
Telephone:(305) 530-7000
Facsimile: (305) 536-4559
Attorney for Defendant Irfan Khan
Service Via CM/ECF

Sivashree Sundaram
sivashree.sundaram2@usdoj.gov
U.S. Attorney's Office
99 N.E. 4th Street
Miami, Florida 33132
Telephone: (305) 961-9430
Facsimile: (305) 536-4676
Attorney for the Government
Service Via CM/ECF

Joseph Steven Rosenbaum, Esq.
jsr.@rosenbaum-lunalaw.com
Grove Forest Plaza
2937 S.W. 27th Avenue, Ste. 101
Miami, FL 33133
Telephone: (305) 446-6099
Facsimile: (305) 446-6150
Attorney for Izhar Khan
Service Via CM/ECF

John Charlton Shipley, Jr.
john.shipley@usdoj.gov
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132
Telephone: (305) 961-9111
Facsimile: (305) 536-4675
Attorney for the Government
Service Via CM/ECF

Khurrum B. Wahid, Esq.
khurrum@wvmlawfirm.com
Wahid Vizcaino LLP
6221 W. Atlantic Blvd.
Pompano Beach, FL 33063
Telephone: (305) 444-4303
Facsimile: (305) 444-4302
Attorney for Hafiz M. Sher Ali Kahn
Service Via CM/ECF