FILED by _____ D.C.

ELECTRONIC

**AUG 11, 2011**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. __11-20331-CR-JORDAN(s)__
18 U.S.C. § 2339A
18 U.S.C. § 2339B
18 U.S.C. § 956(a)
18 U.S.C. § 2

## UNITED STATES OF AMERICA

vs.

## HAFIZ MUHAMMAD SHER ALI KHAN,
## ALI REHMAN,
### a/k/a Faisal Ali Rehman,
## IRFAN KHAN,
## IZHAR KHAN,
## ALAM ZEB, and
## AMINA KHAN,
### a/k/a Amina Bibi,

**Defendants.**
_____/

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At times material to this Superseding Indictment:

### The Pakistani Taliban

1.      Tehrik-e Taliban Pakistan, also known as Tehrik-I-Taliban, Tehrik-e-Taliban, the Pakistani Taliban, and Tehreek-e-Taliban (hereafter, "Pakistani Taliban") is a Pakistan-based terrorist organization formed in or around December 2007 by an alliance of radical Islamist militants. Effective September 1, 2010, the Pakistani Taliban was formally

designated as a Foreign Terrorist Organization, under Section 219 of the Immigration and Nationality Act, by the United States Department of State.

2.     The Pakistani Taliban's objectives include resistance against the lawful Pakistani government, enforcement of strict Islamic law known as Sharia, and opposition to the United States and United States and coalition armed forces fighting in neighboring Afghanistan.

3.     The Pakistani Taliban has committed numerous acts of violence in Pakistan and elsewhere, including suicide bombings which resulted in the death of civilians as well as Pakistani police, army, and government personnel, and other acts of murder, kidnapping and maiming.

4.     The Pakistani Taliban has also played roles in, or claimed responsibility for, numerous attacks against United States interests, including a December 2009 suicide attack on a United States military base in Khost, Afghanistan, along the border with Pakistan, which killed seven United States citizens; an April 2010 suicide bombing against the United States Consulate in Peshawar, Pakistan, which killed six Pakistani citizens; and the attempt by a United States citizen, Faisal Shahzad, to detonate an explosive device in New York City's Times Square on May 1, 2010.

5.     The Pakistani Taliban is closely allied to al-Qaeda, an international terrorist group founded by Usama Bin Laden and others that is dedicated to opposing, by violence, governments not established under Sharia. Since at least November 2001, after United States and coalition forces entered neighboring Afghanistan, al-Qaeda has had a presence in northwestern Pakistan, using it as an area to plan terrorist operations in Afghanistan and

2

elsewhere, and sending fighters across the border to Afghanistan to attack United States and coalition forces. The Pakistani Taliban has provided a safe haven and other assistance to al-Qaeda, while al-Qaeda, in turn, has provided inspiration to the Pakistani Taliban.

6.      The Pakistani Taliban has its greatest presence in northwestern Pakistan, including the Swat Valley region of Pakistan, an area close to the border with Afghanistan. The Pakistani Taliban also has a presence in other parts of Pakistan, including the city of Karachi, and has committed acts of murder, kidnapping and maiming throughout the country.

### Terms in this Superseding Indictment

7.      As used in this Superseding Indictment, and also as used by the Defendants and by radical Islamist militants including the Pakistani Taliban, the term "jihad" refers to violent jihad, which is the use of physical violence, including murder, kidnapping and maiming, to bring about the downfall of governments that are perceived to oppose Sharia.

8.      The term "mujahideen" refers to individuals engaged in jihad, including the Pakistani Taliban.

### Defendants

9.      **HAFIZ MUHAMMAD SHER ALI KHAN** ("KHAN") is a United States citizen and a resident of Miami, Florida, in the Southern District of Florida. **KHAN** has been the Imam, or spiritual leader, at the Miami Masjid, also known as the Flagler Mosque, since at least 1999. **KHAN** is originally from the Swat Valley in Pakistan. At all relevant times, **KHAN** solicited and distributed funds for the Pakistani Taliban, both personally and on behalf of others, and worked with the co-defendants and others to support the Pakistani Taliban's jihad. **KHAN** also supported the Pakistani Taliban through a madrassa, or Islamic

3

school, in Swat known by various names including Madrassa Arabia Ahya-al-Aloom. **KHAN** founded the madrassa while living in Pakistan, and has since continued to control it. **KHAN** has used the madrassa to provide shelter and other support for the Pakistani Taliban, and has sent children from his madrassa to learn to kill Americans in Afghanistan.

10.    **ALI REHMAN a/k/a FAISAL ALI REHMAN ("REHMAN")** is a resident of Pakistan and fellow Pakistani Taliban sympathizer. **REHMAN** worked with **KHAN** and others to provide guns and financial support to the Pakistani Taliban.

11.    **IRFAN KHAN ("IRFAN")** is a United States citizen, a resident of Miami, Florida, in the Southern District of Florida, and one of **KHAN**'s sons. **IRFAN** is a Pakistani Taliban sympathizer who worked with **KHAN** and others to collect and deliver money for the Pakistani Taliban.

12.    **IZHAR KHAN ("IZHAR")** is a United States citizen, a resident of North Lauderdale, Florida, in the Southern District of Florida, and one of **KHAN**'s sons. **IZHAR** is a Pakistani Taliban sympathizer who worked with **KHAN** and others to collect and deliver money for the Pakistani Taliban.

13.    **ALAM ZEB ("ZEB")** is a resident of Pakistan and **KHAN**'s grandson. **ZEB** is a Pakistani Taliban sympathizer who collected and distributed money, sent from the United States, for the Pakistani Taliban.

14.    **AMINA KHAN a/k/a AMINA BIBI ("AMINA")** is a resident of Pakistan, a legal permanent resident of the United States, and one of **KHAN**'s daughters. **AMINA** is a Pakistani Taliban sympathizer who collected and distributed money, sent from the United States, to the Pakistani Taliban.

4

## COUNT 1
### Conspiracy to Provide Material Support to Terrorists
### (18 U.S.C. § 2339A)

Paragraphs 1-14 of this Superseding Indictment are realleged and incorporated herein by reference.

Beginning on a date unknown to the Grand Jury, but no later than in or around 2008, and continuing until at least in or around November 2010, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**HAFIZ MUHAMMAD SHER ALI KHAN,**
**ALI REHMAN,**
**a/k/a Faisal Ali Rehman,**
**IRFAN KHAN,**
**IZHAR KHAN,**
**ALAM ZEB, and**
**AMINA KHAN,**
**a/k/a Amina Bibi,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b)(1), including but not limited to currency, monetary instruments and financial services, and to conceal and disguise the nature, location, source, and ownership of such material support and resources, knowing and intending that they be used in preparation for and in carrying out a violation of Title 18, United States Code, Section 956(a)(1), that is, a conspiracy to murder, kidnap, and maim persons in a foreign country.

5

## PURPOSE AND OBJECT OF THE CONSPIRACY

15.     It was a purpose and object of the conspiracy to advance the jihad of the Pakistani Taliban against the Pakistani government and its perceived allies, including the United States, in order to displace the lawful government of Pakistan and to establish Sharia.

## MANNER AND MEANS OF THE CONSPIRACY

16.     The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

a.      Members of the conspiracy transferred, and sought to transfer, money from the United States to Pakistani Taliban supporters, including mujahideen, in Pakistan.

b.      Members of the conspiracy, while in the United States, caused, and sought to cause, money to be transferred from bank accounts or other sources in Pakistan to Pakistani Taliban supporters, including mujahideen, in Pakistan.

c.      Members of the conspiracy solicited, and sought to solicit, money in the United States to support the Pakistani Taliban.

d.      Members of the conspiracy created a network for the flow of money from inside the United States to Pakistan for the benefit of the Pakistani Taliban and its supporters, including mujahideen.

e.      Members of the conspiracy sought to finance the purchase of guns for the Pakistani Taliban.

f.      Members of the conspiracy provided shelter to members of the Pakistani Taliban and prepared youths to become mujahideen.

6

g.    Members of the conspiracy covered, concealed, and disguised their support for the Pakistani Taliban.

## OVERT ACTS

In furtherance of the conspiracy and to effect its purpose and object, at least one of the co-conspirators committed, or caused to be committed, within the United States, in the Southern District of Florida, and elsewhere, at least one of the following overt acts:

1.    In or around April and May 2008, **IRFAN** caused three transfers of $990, $980 and $980, respectively, to be made via wire transfer to Pakistan.

2.    On or about August 13, 2008, **REHMAN** obtained $10,000 from one of **KHAN**'s bank accounts in Pakistan.

3.    On or about January 22, 2009, **REHMAN** obtained $10,000 from one of **KHAN**'s bank accounts in Pakistan.

4.    On or about March 25, 2009, **REHMAN** obtained $10,000 from one of **KHAN**'s bank accounts in Pakistan.

5.    On or about June 25, 2009, **KHAN** and **IRFAN** participated in a conversation in which **KHAN** called for an attack on the Pakistani Assembly that would resemble the September 2008 suicide bombing of the Marriott hotel in Islamabad, Pakistan.

6.    On or about July 10, 2009, **IRFAN** caused $500 to be sent via wire transfer to **AMINA** in Pakistan.

7.    On or about July 11, 2009, **KHAN** asked **IZHAR** to collect from a donor in the United States money that **KHAN** told **IZHAR** had been approved for the mujahideen.

7

8.     On or about July 12, 2009, **KHAN** and an unindicted co-conspirator participated in a conversation in which they called for the destruction of the Pakistani government and discussed a strategy to shoot and kill Pakistani officials.

9.     On or about July 16, 2009, **IZHAR** caused $900 to be sent via wire transfer to **AMINA** in Pakistan.

10.    On or about July 17, 2009, **KHAN** deposited a $300 check into his bank account in the United States.

11.    On or about July 21, 2009, **KHAN** participated in a conversation with an unindicted co-conspirator in which he cursed the leaders and army of Pakistan, and called for the death of Pakistan's President and for blood to be shed in a violent revolution similar to that which occurred in Iran.

12.    On or about August 9, 2009, **AMINA** participated in a conversation with **KHAN** in which they discussed her giving money to a Pakistani Taliban commander.

13.    On or about August 18, 2009, **KHAN** participated in a conversation with **AMINA** in which they discussed methods for sending money to the Pakistani Taliban.

14.    On or about August 20, 2009, **KHAN** participated in a conversation with **IRFAN** in which they discussed sending money to the "Sharia people," after which **KHAN** called for Pakistani government officials to be destroyed and eliminated by an explosion.

15.    On or about August 24, 2009, **KHAN** caused $995 to be sent via wire transfer to Pakistan.

8

16.     On or about September 19, 2009, **KHAN** participated in a conversation with **ZEB** in which **KHAN** advised that, if Sharia were not implemented, there should be resistance and bombings that would leave no trace and no names.

17.     On or about November 21, 2009, **KHAN** directed that 10,000 Pakistani Rupees be delivered to an unindicted co-conspirator who fought with the Pakistani Taliban.

18.     On or about December 3, 2009, **KHAN** caused $2,300 to be transferred from a bank account in Pakistan to **ZEB**.

19.     On or about December 3, 2009, **KHAN** participated in a conversation with an unindicted co-conspirator and inquired whether Pakistani Taliban commanders at a location in Swat had obtained **KHAN**'s money.

20.     On or about February 7, 2010, **KHAN** attempted to gather information from an individual in Pakistan about the Pakistani Taliban and mujahideen, only to be reminded that he should not discuss such matters over the phone or else the Taliban would be doomed.

21.     On or about July 20, 2010, **KHAN** participated in a conversation with an individual in which he advised that individual how to avoid being detected when sending money to the Pakistani Taliban for guns.

22.     On or about August 16, 2010, **KHAN** participated in a conversation with an individual in which he called for all opponents of Islam to be destroyed and advised that **ZEB** could assist in sending money to the Pakistani Taliban for guns.

23.     On or about September 8, 2010, **KHAN** caused $2,990 to be sent via wire transfer to Pakistan.

9

24.     On or about September 19, 2010, **KHAN** participated in a conversation with an individual in which he advised that individual to use **KHAN**'s bank account to transfer money to the Pakistani Taliban, because that is how **KHAN** sends money to the Pakistani Taliban.

25.     On or about September 20, 2010, **KHAN** participated in a conversation with an individual in which he explained that money cannot be sent openly to the Pakistani Taliban, but must instead be sent covertly through its supporters.

26.     On or about September 22, 2010, **KHAN** participated in a conversation with an individual in which they discussed contact information for Pakistani Taliban militants in Karachi, after which **KHAN**, upon hearing that mujahideen in Afghanistan had killed seven American soldiers, declared his wish that God bring death to 50,000 more.

27.     On or about November 10, 2010, **REHMAN** obtained $5,000 from one of **KHAN**'s bank accounts in Pakistan.

All in violation of Title 18, United States Code, Sections 2339A(a) and 2.

## COUNT 2
### Conspiracy to Provide Material Support to a
### Designated Foreign Terrorist Organization
### (18 U.S.C. § 2339B)

Paragraphs 1-16 of this Superseding Indictment, and Overt Acts 1-27 alleged in Count 1 of this Superseding Indictment, are realleged and incorporated herein by reference.

Beginning on a date unknown to the Grand Jury, but no later than in or around 2008, and continuing until at least in or around November 2010, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

10

**HAFIZ MUHAMMAD SHER ALI KHAN,**
**ALI REHMAN,**
**a/k/a Faisal Ali Rehman,**
**IRFAN KHAN,**
**IZHAR KHAN,**
**ALAM ZEB, and**
**AMINA KHAN,**
**a/k/a Amina Bibi,**

together with others known and unknown to the Grand Jury, did knowingly combine,

conspire, confederate, and agree to provide material support and resources, as that term is

defined in Title 18, United States Code, Section 2339A(b)(1), including but not limited to

currency, monetary instruments and financial services, to a Designated Foreign Terrorist

Organization, that is, the Pakistani Taliban, knowing that the Pakistani Taliban has engaged

and engages in terrorist activity, as that term is defined in Title 8, United States Code,

Section 1182(a)(3)(B); all in violation of Title 18, United States Code, Sections 2339B(a)(1)

and 2.

### COUNT 3
### Material Support to Terrorists
### (18 U.S.C. § 2339A)

Paragraphs 1-14 of this Superseding Indictment are realleged and incorporated herein

by reference.

Beginning on a date unknown to the Grand Jury, but no later than in or around 2008,

and continuing until at least in or around November 2010, in Miami-Dade and Broward

Counties, in the Southern District of Florida, and elsewhere, the defendants,

**HAFIZ MUHAMMAD SHER ALI KHAN,**
**ALI REHMAN,**
**a/k/a Faisal Ali Rehman,**
**IRFAN KHAN,**

11

**IZHAR KHAN,**
**ALAM ZEB, and**
**AMINA KHAN,**
**a/k/a Amina Bibi,**

provided and attempted to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b)(1), including but not limited to currency, monetary instruments and financial services, and concealed and disguised, and attempted to conceal and disguise, the nature, location, source, and ownership of such material support and resources, knowing and intending that they be used in preparation for and in carrying out a violation of Title 18, United States Code, Section 956(a)(1), that is, a conspiracy to murder, kidnap, and maim persons in a foreign country; all in violation of Title 18, United States Code, Sections 2339A(a) and 2.

## COUNT 4
### Material Support to a Designated Foreign Terrorist Organization
### (18 U.S.C. § 2339B)

Paragraphs 1-10 and 13 of this Superseding Indictment are realleged and incorporated herein by reference.

Beginning September 1, 2010, and continuing until at least in or around November 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**HAFIZ MUHAMMAD SHER ALI KHAN,**
**ALI REHMAN,**
**a/k/a Faisal Ali Rehman, and**
**ALAM ZEB,**

provided and attempted to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b)(1), including but not limited to currency, monetary

12

instruments and financial services, to a Designated Foreign Terrorist Organization, that is, the Pakistani Taliban, knowing that the Pakistani Taliban has engaged and engages in terrorist activity, as that term is defined in Title 8, United States Code, Section 1182(a)(3)(B); all in violation of Title 18, United States Code, Sections 2339B(a)(1) and 2.

A TRUE BILL

FOREPERSON

_____, Chief, Criminal Div.
WIFREDO A. FERRER
UNITED STATES ATTORNEY

JOHN C. SHIPLEY
ASSISTANT UNITED STATES ATTORNEY

SIVASHREE SUNDARAM
ASSISTANT UNITED STATES ATTORNEY

STEPHEN PONTICIELLO
TRIAL ATTORNEY, COUNTERTERRORISM SECTION
UNITED STATES DEPARTMENT OF JUSTICE

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO.     11-20331-CR-JORDAN(s)

vs.

HAFIZ MUHAMMAD SHER ALI KHAN,
ALI REHMAN,
    a/k/a Faisal Ali Rehman,
IRFAN KHAN,
IZHAR KHAN,
ALAM ZEB, and
AMINA KHAN,
    a/k/a Amina Bibi,

                    Defendants.
_____/

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

|  | | |
|---|---|---|
| X  Miami | ____ Key West | |
| ____ FTL | ____ WPB | ____ FTP |

New Defendant(s)    Yes ____ No _X_
Number of New Defendants
Total number of counts _____

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:    (Yes or No)    _Yes_
    List language and/or dialect    _Pashtu and Urdu_

4.    This case will take    _30_    days for the parties to try.

5.    Please check appropriate category and type of offense listed below:

    (Check only one)                   (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | |
| III | 11 to 20 days | _____ | Misdem. | |
| IV | 21 to 60 days | X | Felony | X |
| V | 61 days and over | | | |

6.    Has this case been previously filed in this District Court? (Yes or No)    _Yes_
If yes:
Judge:    JORDAN        Case No.    11-20331-CR-JORDAN
(Attach copy of dispositive order)
Has a complaint been filed in this matter?    (Yes or No)    _No_
If yes:
Magistrate Case No.    _____
Related Miscellaneous numbers:    _____
Defendant(s) in federal custody as of    _May 14, 2011_
Defendant(s) in state custody as of    _____
Rule 20 from the    _____    District of

Is this a potential death penalty case? (Yes or No)    _No_

7.    Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    _____ Yes    _X_ No

8.    Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes    _X_ No

                        JOHN C. SHIPLEY        for
                        ASSISTANT UNITED STATES ATTORNEY
                        Florida Bar No. 69670

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: <u>IRFAN KHAN</u>**

**Case No**: 11-20331-CR-JORDAN(s)

Count #: 1

Conspiracy to Provide Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty**:            15 years' imprisonment

Count #: 2

Conspiracy to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B

**\* Max.Penalty**:            15 years' imprisonment

Count #: 3

Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty**:            15 years' imprisonment

Count #: 4



**\* Max.Penalty**:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name: <u>AMINA KHAN, a/k/a Amina Bibi</u>**

**Case No**: <u>11-20331-CR-JORDAN(s)</u>

Count #: 1

Conspiracy to Provide Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty**:            15  years' imprisonment

Count #: 2

Conspiracy to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B

**\* Max.Penalty**:            15  years' imprisonment

Count #: 3

Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty**:            15  years' imprisonment

Count #: 4

**\* Max.Penalty**:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: <u>IZHAR KHAN</u>**

**Case No**: 11-20331-CR-JORDAN(s)

Count #: 1

Conspiracy to Provide Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty**:                    15  years' imprisonment

Count #: 2

Conspiracy to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B

**\* Max.Penalty**:                    15  years' imprisonment

Count #: 3

 Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty**:                    15  years' imprisonment

Count #: 4



**\* Max.Penalty**:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: HAFIZ MUHAMMAD SHER ALI KHAN**

**Case No**: _11-20331-CR-JORDAN(s)_

Count #: 1

Conspiracy to Provide Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty:**              15 years' imprisonment

Count #: 2

Conspiracy to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B

**\* Max.Penalty:**              15 years' imprisonment

Count #: 3

 Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty:**              15 years' imprisonment

Count #: 4

Material Support to a Foreign Terrorist Organization

 Title 18, United States Code, Section 2339B

**\* Max.Penalty:**              15 years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name: <u>ALI REHMAN, a/k/a Faisal Ali Rehman</u>**

**Case No**: ___11-20331-CR-JORDAN(s)___

Count  #: 1

Conspiracy to Provide Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty**:               15  years' imprisonment

Count  #: 2

Conspiracy to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B

**\* Max.Penalty**:               15  years' imprisonment

Count  #: 3

 Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty**:               15  years' imprisonment

Count  #: 4

Material Support to a Foreign Terrorist Organization

 Title 18, United States Code, Section 2339B

**\* Max.Penalty**:               15  years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: <u>ALAM ZEB</u>**

**Case No**: ___11-20331-CR-JORDAN(s)___

Count #: 1

Conspiracy to Provide Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty**:          15  years' imprisonment

Count #: 2

Conspiracy to Provide Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B

**\* Max.Penalty**:          15  years' imprisonment

Count #: 3

Material Support to Terrorists

Title 18, United States Code, Section 2339A

**\* Max.Penalty**:          15  years' imprisonment

Count #: 4

Material Support to a Foreign Terrorist Organization

Title 18, United States Code, Section 2339B

**\* Max.Penalty**:          15  years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**