# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20331-Cr-SCOLA

UNITED STATES OF AMERICA,

vs.

HAFIZ MUHAMMAD SHER ALI KHAN,
And IZHAR KHAN,

    Defendants.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION TO PRECLUDE ARGUMENT THAT DEFENDANTS' UNLAWFUL CONDUCT IS PROTECTED BY THE FIRST AMENDMENT

THIS MATTER is before the Court on the Government's Motion to Preclude Argument that Defendants' Unlawful Conduct is Protected by the First Amendment (ECD No. 421) and the Defendants' Response (ECF No. 482). The Government seeks a ruling by this Court that the Defendants cannot argue to the jury that their words cannot be used as evidence against them because they are protected by the First Amendment, cannot refer to the First Amendment during opening statement, and cannot comment on the First Amendment directly or indirectly in questioning witnesses at trial.

Under Fed. R. Evid. 403, even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or waste of time . . . ." "If the court determines that the defendant's proffered evidence is irrelevant or otherwise inadmissible, it should issue a ruling *in limine* precluding the introduction of that information at trial." *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1363 (11th Cir. 1994). The Government argues that permitting the Defendants to argue that the First Amendment is a defense to the charges will confuse the jury into thinking that the Defendants have been indicted for their views and beliefs,

not for allegedly having engaged in criminal conduct. The Defendants' response to the Motion concedes that the "First Amendment does not allow for the funding of terrorism" but argues that they should be allowed to argue to the jury that "the government has over reached in its assumption that particular statements made by defendants constitute a crime verse [sic] protected speech." (Defs.' Joint Resp. To Gov't Mot., ECF No. 482 at 7). The Government requests that the jury be instructed that while the Defendants may have a right to make a particular statement or express a particular view, the jury is not forbidden from considering that statement for a valid purpose at trial, such as determining whether the Defendants had the proper intent required by the charged offenses.

In denying the Defendants' motion to dismiss, this Court already noted that "federal courts have consistently held that the provision of financial support for terrorist organizations does not constitute protected 'speech' activity." (Order Den. Defs.' Mot. to Dismiss, ECF No. 276 at 13). Other courts that have grappled with these issues have found no First Amendment protection of criminal conduct. "There is, in other words, a clear line between First Amendment protected activity and criminal conduct for which there is no constitutional protection." *U.S. v. Lindh*, 212 F. Supp. 2d 541, 569 (E.D. Va. 2002). "The First Amendment's guarantee of associational freedom is no license to supply terrorist organizations with resources or material support in any form, including services as a combatant. Those who choose to furnish such material support to terrorists cannot hide or shield their conduct behind the First Amendment." *Id.* at 570.

In *United States v. Hassoun*, 04-60001-cr-Cooke, the court addressed similar arguments regarding the proper application of the First Amendment to defendants' speech and how

evidence of that speech could be used at trial. At trial, the court properly instructed the jury as follows:

> Evidence of the defendants' statements on political, public or religious issues may be considered by you if you find them relevant for either of the following two purposes: First, you may consider whether such statements are evidence of why the defendant was taking certain actions at the time he spoke, and what his purpose was. Second, you may consider whether his opinions expressed at one time are evidence that at some other time he took actions in accordance with those opinions.

*United States v. Hassoun*, 04-60001-cr-Cooke, DE 1189 at 33-34 (S.D. Fla. Aug. 14, 2007).

The Court finds the instructions in *Hassoun* to be a reasonable approach to balancing the First Amendment protections with the position of the Eleventh Circuit that the provision of financial support to terrorist organizations does not constitute protected speech. The jury will be instructed about the limited use they are entitled to make of the Defendants' statements as evidence of motive or intent. The jury will also be instructed that they cannot convict the Defendants because they hold unpopular views or even because they expressed those views, and can only convict if they find the government met its burden of establishing all the elements of the charged offenses. However, evidence of the Defendants' views may be relevant to establishing those elements in so far as they are evidence of why the Defendants took certain actions, what the purpose of those actions were, or as evidence that the Defendants took actions in accordance with those views. Although the Defendants' conduct may have been motivated by religious or political beliefs, the First Amendment does not protect conduct that materially supports terrorism even if that conduct is driven by a religious or political agenda.

Accordingly, for the reasons stated above, it is **ORDERED AND ADJUDGED** that the Government's Motion to Preclude Argument that Defendants' Unlawful Conduct is Protected by the First Amendment is **GRANTED**. The Defendants may not argue to the jury that any statements of the Defendants cannot be used as evidence because those statements are protected

by the First Amendment. The Defendants also may not argue that their conduct of providing material support to a terrorist or Foreign Terrorist Organization is protected by the First Amendment. However, the Defendants may argue that pure speech, without intent to provide material support and without conduct intended to provide material support to terrorists or a Foreign Terrorist Organization, is protected by the First Amendment.

**DONE and ORDERED** in chambers, at Miami, Florida, on September 19, 2012.

 _____
 ROBERT N. SCOLA, JR.
 **UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*