UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20331-Cr-SCOLA

UNITED STATES OF AMERICA,

vs.

HAFIZ MUHAMMAD SHER ALI KHAN,

Defendant.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. I am giving you these instructions now to aid you as you listen to the closing argument of counsel. First, counsel for the government will make their closing argument. Second, counsel for the defendant will make his closing argument. Finally, because the government has the burden of proof, at the conclusion of those arguments, counsel for the United States will have an opportunity to make their rebuttal closing argument. At the conclusion of all the arguments and instructions, you will go to the jury room and begin your discussions, what we call you deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government. You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law. The indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at

1

all.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

The defendant has put forth evidence in this case.  However the burden of proof does not shift to the defendant, it stands firmly with the Government to prove their case beyond a reasonable doubt.  The burden of proof is on the government until the very end of the case.  The defendant has no burden to prove his innocence or to present any evidence, or to testify.  Even if the defendant does testify, as in this case, the burden of proving the charges still rests with the Government.

As I said earlier, you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and

common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly, or was the witness evasive in answering questions? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial. But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is

3

about an important fact or about an unimportant detail. A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

You may not draw any inference from the fact that any persons in addition to the defendant Hafiz Muhammad Sher Ali Khan are not on trial here. You may also not speculate as to the reasons why other persons are not on trial here. Those matters are wholly outside your concern and have no bearing on your function as jurors.

You may not draw any inference, favorable or unfavorable, toward the government or the defendant from the fact that other persons were not named as defendants in the indictment or that certain persons were identified as co-conspirators but not indicted in this case.

In this case, you have heard testimony from a witness called by the defense who is located outside the United States. The Court has permitted that testimony to occur. The witness was sworn in before you in a manner consistent with the laws of that country by a person authorized to perform such a task. However, unlike a witness who testifies live in this Court, this witness may be less likely to be subject to any penalty for perjury, because he is outside the United States. So while a witness of this kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses. It is up to you to determine what weight should be given to this foreign witness testimony.

At this time I will explain the indictment which charges four separate offenses called counts. I

4

will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

The indictment charges four separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations. Count 1 charges a Conspiracy to Provide Material Support to Terrorists. Count 2 charges a Conspiracy to Provide Material Support to a Foreign Terrorist Organization. Count 3 charges Material Support to Terrorists. Count 4 charges Material Support to a Foreign Terrorist Organization.

I will explain the law governing those substantive offenses in a moment. But first note that the Defendant is not charged in Count 1 and 2 with committing a substantive offense—he is charged with conspiring to commit those offenses. I will also give you specific instructions on conspiracy.

In order to make these instructions easier to follow, I will instruct you on the counts in an order different from the order in which they appear in the indictment. I will first instruct you regarding Count Three (the substantive count), then Count One (the conspiracy to commit that substantive count), then Count Two (the other substantive count) and then instruct you about Count two (the conspiracy to commit that substantive count).

### Offense Instruction:  Count Three
### 18 U.S.C. § 2339A

Count Three of the Indictment charges the Defendant with a violation of Title 18, United States Code, Section 2339A.  That statute makes it a criminal offense for a person to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, another federal offense, specifically, a conspiracy to murder, maim or kidnap persons overseas in violation of Title 18, United States Code, Section 956(a)(1).  The statute also makes it a crime to attempt to do so.  I

5

will define "attempt" for you later.

To satisfy its burden of proof as to Count Three, the government must prove each of the following elements beyond a reasonable doubt:

First: That the Defendant provided material support or resources, as defined below, or concealed or disguised the nature, location, or source of material support or resources; and

Second: That the Defendant did so knowing or intending that the support or resources were to be used in preparation for, or in carrying out, a conspiracy to murder, kidnap or maim persons outside the United States.

The term "material support or resources" includes any kind of property or service, including currency or monetary instruments, financial services, training, expert assistance or advice, false documentation or identification, communications equipment, facilities, weapons, personnel, or transportation. The term "personnel" means one or more persons, including the Defendant's own person. The term excludes medicine or religious materials. I will explain the term "attempt" for you later.

A defendant "provides" material support or resources if he makes available, or physically transfers or sends, the support or resources. The terms "conceal," "disguise," "nature," "location," and "source" have their ordinary and obvious meanings.

As I just stated, the second element of Count Three requires that the Defendant provided or concealed his material support knowing or intending that such support would be used in carrying out or in preparation for another, underlying crime, that is, a conspiracy to murder, kidnap or maim persons outside the United States in violation of Title 18, United States Code, Section 956(a)(1). I will discuss with you now the elements of that underlying crime.

Section 956(1)(1) makes it a criminal offense for a person within the jurisdiction of the United States to conspire with one or more other persons, regardless of where such persons are located, to commit at any place outside the United States an act that would constitute the offense of murder,

6

kidnapping or maiming if committed within the jurisdiction of the United States, so long as one of the conspirators commits an act within the United States. I will discuss with you in a moment what it means to "conspire" with another person, but a "conspiracy" is basically an agreement or partnership in criminal purposes.

Murder is the unlawful killing of a human being with malice aforethought. "Malice aforethought" means an intent at the time of the killing to take the life of another person either deliberately and intentionally, or to willfully act with callous and wanton disregard for human life. Malice aforethought does not necessarily imply ill will, spite or hatred towards any specific individual. The requirement that the killing be "unlawful" simply means that the government must prove the elements of the crime of murder as I have just described them.

Kidnapping is the knowing and willful seizure, confinement, abduction or carrying away of another person for ransom or reward or other benefit. To "kidnap" a person means to forcibly and unlawfully hold, keep, detain and confine the person against his or her will. So, involuntariness or coercion in connection with the victim's detention is an essential part of the offense. It need not be proved, however, that a kidnaping was carried out for ransom or personal, monetary gain so long as it is proved that the perpetrator acted willfully, intending to gain some benefit from the kidnaping.

To "maim" is to intentionally cut off or disable the limb of a person or cut, bite or slit the nose, eyes, ears lips or tongue, with an intent to disfigure or to disable the individual.

It is not necessary for the government to prove the identity of any specifically contemplated victim of the conspiracy to murder, kidnap or maim, or the specific location outside the United States, or that any murder, kidnapping or maiming actually occurred. Moreover, it is not necessary for the government to prove that the underlying conspiracy involved murder and kidnapping and maiming; any one of those three is sufficient.

## Offense Instruction:  Count One
## 18 U.S.C. § 2339A

Count One of the indictment charges the Defendant with a separate violation of Title 18, United States Code, Section 2339A, that is, a conspiracy to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a conspiracy to murder, maim or kidnap persons overseas.  In other words, Count One alleges that the Defendant entered into a conspiracy to commit the substantive crime I have just described in Count Three.  A conspiracy, as will discuss further, is a separate federal offense that does not require completion of the underlying crime.

To satisfy its burden of proof as to Count One, the government must prove each of the following elements beyond a reasonable doubt:

First:  A conspiracy, that is, an agreement or mutual understanding between two or more persons, the object of which was to provide material support and resources, or to conceal and disguise the nature, location, source and ownership of material support and resources, knowing or intending that they would be used in preparation for or in carrying out a conspiracy to murder, kidnap or maim persons outside the United States.

Second:  That the defendant knowingly and willfully became a member of the material support conspiracy I just mentioned.

I have already discussed the definitions of material support and resources, and the offense of a conspiracy to murder, maim or kidnap persons overseas.  You should apply those instructions to Count One also.  Let me now discuss more fully the definition of a conspiracy, which you should apply whenever that term is used throughout these instructions.

**The first element** of Count One is the existence of a conspiracy.  A "conspiracy" is an agreement by two or more people to commit an unlawful act.  In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member. The Government does not have to prove that all the people named in the indictment were members of the

8

plan, or that those who were members made any kind of formal agreement. The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime. The heart of a conspiracy is the making of the unlawful plan itself. The Government does not have to prove that the conspirators succeeded in carrying out the plan. Before being convicted of a conspiracy, the Defendant must conspire with at least one co-conspirator. There can be no conspiracy if the only person with whom the Defendant conspired was a government informer or source.

**The second element** of Count One is that the Defendant knowingly and willfully became a member of the charged conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that defendant for conspiracy even though the defendant did not participate before, and even though the defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

### Offense Instruction:  Count Two
### 18 U.S.C. § 2339B

Now I will discuss Count Two, which charges a violation of Title 18, United States Code, Section 2339B. That statute makes it a criminal offense for a person to conspire with others to provide material support or resources to a foreign terrorist organization.

9

What the evidence in the case *must* show beyond a reasonable doubt is:

First:      That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment, the object of which was  to provide material support or resources to a foreign terrorist organization;

Second:     That the Defendant knowing the unlawful purpose of the plan, willfully joined in it;

Third:      That the Defendant knew that the organization has engaged or engages in terrorist activity.

Fourth:     That one of the jurisdictional requirements is satisfied.

I have previously defined for you the elements of a conspiracy.  I have also previously defined the term "material support and resources."  You should apply those instructions to Count Two also.

The term "terrorist organization" means an organization designated as a terrorist organization by the Secretary of State through a process established by law. The Court has taken judicial notice that the Tehrik-e Taliban Pakistan (TTP), also known as Tehrik-I-Taliban, Pakistan, also known as Tehrik-e-Taliban, also known as Pakistani Taliban, also known as Tehreek-e-Taliban (hereafter, "the Pakistani Taliban") was designated by the Secretary of State as a foreign terrorist organization effective September 1, 2010 and that it remains designated as such today. You may—but are not required to—accept such notice as conclusive.

The third element in Count Two is that the Defendant knew that the Pakistani Taliban has engaged or engages in terrorist activity.

The term "terrorist activity" involves the following: (1) hijacking or sabotage of an aircraft, vessel, or vehicle; (2) seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third party, including a government, to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained; (3) a violent attack upon an internationally protected person, including employees and officials of governments or international organizations or upon the liberty of such a person; (4) an assassination; (5) the use of any

10

biological, chemical or nuclear weapon, agent or device, or explosive, firearm, or other weapon or dangerous device with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or (6) a threat, attempt, or conspiracy to do any of the foregoing.

The term "engage in terrorist activity" means, in an individual capacity or as a member of an organization (1) to commit or to incite to commit, under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity; (2) to prepare or plan a terrorist activity; (3) to gather information on potential targets for terrorist activity; (4) to solicit funds or other things of value for a terrorist activity or a terrorist organization; (5) to solicit any individual to engage in conduct otherwise described in this subsection or for membership in a terrorist organization; (6) to commit an act that the actor knows, or reasonably should know, affords material support, including a safe house, transportation, communications, funds, transfer of funds or other material financial benefit, false documentation or identification, weapons (including chemical, biological, or radiological weapons), explosives, or training for the commission of a terrorist activity, to any individual who the actor knows, or reasonably should know, has committed or plans to commit a terrorist activity, or to a terrorist organization or to any member of such an organization.

The fourth element in Count Two is that there is jurisdiction over the offense. To prove that there is jurisdiction over the offense, the government must prove beyond a reasonable doubt that (I) the Defendant is a "national of the United States," which includes a United States citizen; or (ii) the offense occurred, in whole or in part, in the United States; or (iii) the Defendant conspired with an individual over whom jurisdiction does exist to provide material support or resources to the Pakistani Taliban.

You are instructed that, to prove this Count, the government does not have to establish a conspiracy to murder, maim or kidnap persons overseas; that requirement relates to Counts One and Three only. However, the government must prove that the Defendant became a member of the charged conspiracy prior to September 1, 2010, and that the conspiracy continued after that date. Thus, if you do

11

not find that the Defendant joined the conspiracy before September 1, 2010, or if you do not find that the conspiracy continued after September 1, 2010, then the Defendant cannot be guilty on this count.

**Offense Instruction:  Count Four**
**18 U.S.C. § 2339B**

Count Four involves the same federal criminal statute as Count Two, namely Title 18, United States Code, Section 2339B, but charges a substantive violation of that statute, rather than a conspiracy. Specifically, Count Four alleges that, beginning on or about September 1, 2010, the Defendant provided material support or resources to a foreign terrorist organization, or attempted to do so.  I will define "attempt" for you later.

To prove Count Four, the evidence in the case must show beyond a reasonable doubt:

First:      That the Defendant provided material support or resources to a foreign terrorist organization, the Pakistani Taliban, after the designation date of September 1, 2010;

Second:      That the defendant knew that the organization has engaged or engages in terrorist activity

Third:      That one of the jurisdictional requirements is satisfied.

I have previously defined the terms "material support and resources" and "engaged or engages in terrorist activity and I will define "attempt" for you later.  You should apply those instructions to Count Four.  I have also instructed you, with regard to Count Two, of the jurisdictional requirements of this statute.  You should apply that instruction to Count Four as well.

Finally, I would remind you again that the term "terrorist organization" means an organization designated as a terrorist organization by the Secretary of State through a process established by law.  The Court has taken judicial notice that the Pakistani Taliban was designated by the Secretary of State as a foreign terrorist organization effective September 1, 2010 and that it remains designated as such today. You may, but are not required to accept such notice as conclusive.

12

In some cases, it's a crime to attempt to commit an offense—even if the attempt fails. In this case the Defendant is charged in Count 3 with attempting to commit a violation of Title 18, United States Code, Section 2339A, and in Count 4 with attempting to commit a violation of Title 18, United States Code, Section 2339B.   He is also charged with actually committing these offenses.

I have previously discussed with you the elements of those offenses.  The Defendant can be found guilty of attempt only if all the following facts are proved beyond a reasonable doubt:

First:        That the Defendant knowingly intended to commit the offense; and

Second:        The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense—not just an inconsequential act.  It must be more than simply preparing.  It must be an act that would normally result in committing the offense.

In considering Counts One through Four of the Indictment, you should be aware that the Indictment also charges the Defendant with aiding and abetting each of the offenses charged in those counts.  I will explain that concept to you.

The guilt of a defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

13

However, before the Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that the defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

Where proof of willfulness is an essential part of the charges, good faith is a complete defense since good faith on the part of the Defendant is inconsistent with willfulness. If the Defendant acted in good faith, sincerely believing himself to be exempt by the law, then the Defendant did not act "willfully." The burden of proof is not on the Defendant to prove good faith because the Defendant does not need to prove anything. Where this element is required, the government must establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act. It is why the person acts. "Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that the Defendant specifically intended to do something

14

that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied, even though the Defendant may have believed that the conduct was religiously, politically or morally required, or that ultimate good would result from such conduct.

You have heard evidence about various political and religious statements made and political and religious opinions held by the Defendant. Publication of news and expression of opinion alone, even an opinion advocating violence, is not a crime in the country.  The United States Constitution guarantees that people may speak, publish, worship and associate freely without risk of prosecution.

Freedom of speech protects an individual's or a group's right to advocate their beliefs.  Thus, a person may advocate the use of force, or even the moral necessity for a resort to force and violence, without fear of punishment by the government so long as that advocacy is not directed toward inciting or producing imminent lawless action and is not likely to incite or produce such action.  "Imminent" means about to occur at the moment or impending.

Freedom of religion protects an individual's or a group's right to believe, profess, practice and preach whatever religious doctrine he or it may chose.

Freedom of association protects a person's right to associate with other individuals, groups or organizations, even where that other individual, group or organization may advocate illegal conduct or engage in illegal activity.  The First Amendment right to association includes the right to associate with foreign individuals or associations.  But the right of association and the right to free speech do not include providing material support to an organization which has engaged or engages in terrorist activity or conspiring to do so.

Evidence of the Defendant's statements on political, public or religious issues may be considered by you if you find them relevant for either of the following two purposes:

First, you may consider whether such statements are evidence of why the Defendant was taking certain actions at the time he spoke, and what his purpose was.

15

Second, you may consider whether his opinions expressed at one time are evidence that at some other time he took actions in accordance with those opinions.

What this means is that statements that you may find were proved in this case will fall into three categories.

The first category is statements expressing a point of view that you find relevant for either of the two purposes that I just described.

The second category is simple statements or reports of news expressing a point of view on a political, social or religious issue without either of those two purposes. These statements may never be treated as evidence of a crime; indeed, it is important for you to not consider any personal feelings you may have about such statements or about such personal political or religious beliefs.

The third category is statements that do not express a point of view, but which you may find were made to further some purpose of a conspiracy charged in the indictment. Those statements, if you find that they were made, may be treated, in and of themselves, as evidence relating to that conspiracy and given whatever weight you think they deserve.

The government has the burden of proving the Defendant's guilt beyond a reasonable doubt. That means the government must prove each of the elements of a charged offense beyond a reasonable doubt, including those elements relating to the Defendant's state of mind. But, if you find that the Defendant had the state of mind necessary to commit the crimes charged in the indictment, then none of the following are defenses: the alleged suffering or humanitarian need of others, the alleged foreign policy of the United States, the policy of the Pakistani government, or any alleged principle of Islamic or international law.

You have heard reference to the fact that certain investigative techniques were used by the government and certain others were not used. You may consider these facts in deciding whether the government has met its burden of proof because, as I told you, you should look to all the evidence in

16

deciding whether the Defendant is guilty. However, there is no legal requirement that the government use any specific investigative techniques to prove this case. In this respect, law enforcement techniques are not your concern. Your concern is to determine, based on the evidence, whether or not the government has proved beyond a reasonable doubt the guilt of the Defendant.

You have also heard testimony in this case about evidence that was seized from various locations, as well as audio recordings of telephone calls. These recordings and evidence obtained from these searches were properly admitted in this case, and may properly be considered by you. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations. You should, therefore, regardless of any personal opinion, consider this evidence along with all the other evidence in the case in determining whether the government has proved beyond a reasonable doubt the Defendant's guilt. The weight to be given the evidence is for you to decide.

The parties have offered evidence in the form of audio recordings of telephone calls. These recordings were obtained without the consent of the parties to the conversations but with the consent and authorization of a court. The parties have also offered evidence of audio recordings made by a government source with his consent, but without the consent of other participants in the conversations. The use of these procedures to gather evidence is lawful and the parties are entitled to use the recordings in this case.

As part of the evidence in this case, you have heard recordings that contain conversations that took place completely or partially in the Pashtu or Urdu languages. You were also provided with English transcripts of those conversations. The transcripts were provided to you so that you could consider the content of the conversations on the recordings.

I have admitted the transcripts for the purpose of aiding you in following the content of the conversations as you listen or may listen during deliberations to the tape recordings, and also to aid you in identifying the speakers.

17

Whether the transcripts contain accurate translations of the non-English portions of the recordings in whole or part is for you to decide.  In considering whether a transcript accurately describes the meaning of a conversation, you should consider any testimony presented to you regarding how and by whom the transcript was made, as well as any testimony disputing the translation of any words in the transcript.  You may consider the knowledge, training and experience of the translator if called as a witness, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

With respect to the Pashtu or Urdu language portions of the recordings, you should not rely in any way on any knowledge you may have of those languages.  Your consideration should be based on the evidence introduced in the trial.

Some of the recordings you heard were in part in the English language.  With respect to the English language portion of any recordings, the tape recordings themselves are the evidence of what was or was not recorded on the tapes. With respect to the English language portions of the recordings, the transcripts were provided to you solely as a listening aid.  If from your hearing of the English portion of a particular recording you perceive any variation between the tape and the corresponding transcript, you should be guided solely by the tape and not the transcript.

The transcripts also purport to identify the speakers engaged in these conversations.  Whether the transcript correctly or incorrectly reflects the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.  Although I have spoken about translations of recordings, you should apply these rules to any other document for which a translation was offered.

The Defendant has asserted he is not guilty of all charges in this indictment.  The Defendants' theory of the case is that any and all monies he sent to Pakistan during the relevant time period of the

18

indictment were sent to his family and friends in the Swat Valley, specifically for the assistance of the people of his village Galoch, but not to support terrorism.

The Defendant claims the he never sent money for any terrorist activity or to the Pakistani Taliban nor did he ever have the requisite state of mind for the charges. The Defendant asserts that any statements he made in support of the Pakistani Taliban or terrorism were either made to induce the confidential human source to give money to help his village or were made in anger but without any actual intent to support terrorism.

As I have instructed you, the government has burden of proving the Defendant's guilt beyond a reasonable doubt. If you find that the government has proved each of the elements of a charged offense beyond a reasonable doubt, you must find the Defendant guilty of that offense, regardless of whether the Defendant, on some other occasion or in some other transaction, complied with the law or performed good deeds.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

19

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

In this case you have been permitted to take notes during the course of the trial, and most of you—perhaps all of you—have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

21

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the court security officer who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never tell me your numerical division at the time.